FROMAN, RESPONDENT, *v.* PATTERSON, APPELLANT.

PRACTICE — *New trial* — *Notice of motion.* — Under section 296, subdivision 6, of the Code of Civil Procedure, which provides that a new trial may be granted for the cause of "insufficiency of the evidence to justify the verdict or other decision, or that it is against law," no ground for a new trial is specified in a notice of motion which recites that "the judgment is contrary to law."

SAME — *New trial* — *Sufficiency of evidence.* — The question as to the sufficiency of the evidence to support the findings and decision cannot be considered on appeal where proper grounds for a new trial are not designated in the notice of intention to move for a new trial, and the particulars in which the evidence is insufficient are not specified.

SAME — *New trial* — *Errors of law.* — Under section 296, subdivision 7, of the Code of Civil Procedure, allowing a new trial for "errors in law occurring at the trial and excepted to by the party making the application," alleged errors in law cannot be considered on appeal where no exceptions were saved at the trial, and no notice given that such errors would be one of the grounds of motion for a new trial.

*Appeal from Fifth Judicial District, Beaverhead County.*

The defendant had judgment below. Plaintiff's motion for a new trial was granted by HUNT, J.

*Forbis & Forbis,* for Appellant.

The statement on motion for new trial contains no specification of particulars in which the judgment or findings of the court is not sustained by the evidence, nor any assignment of errors of law committed upon the trial of the cause. Our statute, section 298, subdivision 3, page 137, provides, that when the notice of motion for new trial designates, as the ground of

the motion, "errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely." There is an absolute want of any of these essentials in the statement on motion for new trial, and therefore the court could not rightly consider the plaintiff's application. (*Griswold* v. *Boley*, 1 Mont. 545; *Anderson* v. *O'Laughlin*, 1 Mont. 81; *Taylor* v. *Holter*, 2 Mont. 476; *Bass* v. *Buker*, 6 Mont. 442; *Barrett* v. *Tewksbury*, 15 Cal. 354.)

The service of the statement was made on the fifteenth day of February, 1890; and subsequently, on the twenty-eighth day of February, 1890, the plaintiff served a motion for a new trial, in which it is attempted to specify certain errors of law occurring upon the trial. A motion for a new trial is, as we understand it, oral, like any other motion; and it is not necessary to reduce it to writing at all. Therefore the written motion for a new trial was a useless paper filed in the case, and one the law does not contemplate, and it cannot take the place of the statement which the law does contemplate, and which it defines explicitly, and provides what it shall contain.

*Word & Smith*, for Respondent.

The statement on motion for new trial was not served on February 15th, as stated by counsel, but was served and agreed to by counsel on the first day of March, 1890. Notice of motion for new trial was served on counsel February 15th, and the record discloses that on the 28th or last day of February the specification of errors relied on by counsel for respondent was duly served on the attorneys for appellant, and on the next day the statement was served as completed; this is shown by the record. It is, however, the recollection of counsel for respondent that both papers were served the same day, and the date of February 28th was, by mistake, written instead of March 1st, as is often done by persons on the first day of any month. The specification of errors in the transcript, which is designated "motion for new trial," was attached to the statement or transcript of the evidence at the time it was served, and remained attached to the same and constituted a part of the statement assented to by counsel for appellant as correct,

and both papers were, after being signed by the judge, filed with the clerk at the same time. There is nothing in the statute that precludes the service of the specification of errors, at any time before the service of the statement, provided it is attached to and made a part of the statement before it is filed with the clerk, or signed by the judge as correct. It is not mandatory that the specification of errors should be served at exactly the same time with the rest of the statement, provided it is served as soon as the rest of the statement. There is nothing inconsistent with the spirit of the statute if the specification of errors relied on is served one day and then attached to the residue of the statement and served with the whole on the following or any other day within the time prescribed by the court. The objection to the statement that it does not contain a specification of errors relied on comes too late, and cannot be taken advantage of in this court for the first time; if there was any force in the point at all, it should have been raised in the court below on the hearing of the motion for a new trial. It is the duty of the court below, on hearing the motion for a new trial, to strike out all redundant or irrelevant matter in the statement. (Subd. 3, § 198, Code Civ. Pro.)

HARWOOD, J.—The appeal herein is from an order of the trial court granting a motion for new trial, on the application of plaintiff.

The first objection urged by appellant is, that the statement of the case is insufficient, and for that reason the court was not authorized to vacate the former decision and grant a new trial. The record shows that upon the trial of the cause, the plaintiff introduced on his behalf, the evidence on which he relied to maintain his case, and all the evidence he offered was received without objection, or exception, so far as the record discloses. When the plaintiff rested in the introduction of his proofs, the defendant introduced certain witnesses who were sworn and testified on behalf of the defendant, and so far as the record discloses no objection was made during the trial to the introduction of any evidence offered and received on behalf of defendant. Indeed it does not appear from the record that any objection was made, or any exception saved to any matter occur-

ring throughout all the proceedings in the action. This cause
was tried to the court without a jury. No findings of fact were
made by the court in writing, nor does the record show that any
findings in writing were requested by either party.

The record shows that after all the testimony was introduced
by the respective parties, and "after hearing arguments of coun-
sel for plaintiff and defendant," the court rendered judgment
in favor of defendant. On the same day that judgment was
rendered, the plaintiff by his counsel, made and served on de-
fendant's counsel a notice of plaintiff's intention to move for
a new trial, as follows: "To the defendant, William C. Patter-
son and to John F. Forbis: You will take notice that the
plaintiff in the above cause hereby gives notice of his intention
to move for a new trial herein. That said motion will be based
upon a statement of the case to be prepared and filed herein;
and for the reason that the judgment is contrary to law."

The record further shows that afterward, on the 28th of
February, 1890, a paper denominated "motion for new trial,"
in said action was served on defendant's counsel, which paper
after setting out the court and title of the action recites as
follows: "Comes now the plaintiff in the above cause and
moves the court for a new trial herein for the following
reasons: *First.* Because the court erred in allowing defendant
to introduce proof of his occupancy of the land in controversy
named in the complaint. *Second.* Because the court erred in
holding that the receipt of the register and receiver of the
United States land office at Helena would not support an action
in ejectment. *Third.* Because the court erred in rendering
judgment for defendant and dismissing plaintiff's action.
*Fourth.* Because, upon the proof introduced, the court should
have rendered judgment for plaintiff."

The record further shows that an imperfect statement of the
case was prepared and served, March 1, 1890, on defendant's
counsel, containing "all the evidence introduced in the cause."
But this statement does not contain any "specifications of par-
ticulars in which the evidence is alleged to be insufficient to
sustain the verdict or other decision." Nor does the statement
contain any specifications of "errors in law occurring at the
trial and excepted to by the moving party." The only "errors

in law" complained of by the moving party, which we find specified in the record, are the grounds stated in said motion for new trial. But the "errors" there designated were not "errors in law occurring at the trial and excepted to by the party making the application." According to the record, there was no objections made or exceptions saved throughout the trial. It is asserted by respondent's counsel that said "motion for new trial"was attached to the statement of the case when the statement was served, March 1, 1890, and appellant's counsel tacitly admits that fact by saying, as he did in the argument of this appeal, that "the court may take the statement of respondent's counsel as to these facts, and appellant will then stand upon his objection to the sufficiency of the record." Under these agreements we allow said motion for new trial to take its place in the record in lieu of specifications, so far as its matter will answer, without, however, expressing any opinion as to what should be done if objection was made to considering that paper as answering for such an important part of the statement as the specifications of errors under the requirements of the statute.

Admitting for the purposes of this consideration that said "motion for new trial" is part of the statement of the case, and stands in place of specifications of errors, the appellant still contends that the statement is insufficient to raise the questions sought to be brought before the court, and insufficient to authorize the court to vacate the former decision, and grant a new trial.

Section 295 of the Code of Civil Procedure provides: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee."

Section 296 of the Code of Civil Procedure provides: "The former verdict or other decision may be vacated, and a new trial granted on the application of the party aggrieved, for any of the following causes materially affecting the substantial rights of said party." The causes provided here for vacating "the former verdict or other decision" are stated under seven subdivisions of the last mentioned section. The causes stated in the first five subdivisions have no application to the case at bar. The sixth and seventh subdivisions appear from the argument of counsel for

plaintiff to be causes for which plaintiff seeks a new trial. These causes are declared by statute as follows: "*Sixth.* Insufficiency of evidence to justify the verdict or other decision, or that it is against law." "*Seventh.* Errors in law occurring at the trial and excepted to by the party making the application."

Section 297 of the Code of Civil Procedure provides as follows: "When the application *is* made for a cause mentioned in the first, second, third, and fourth subdivisions of the last section, it must be made upon affidavits; for any other cause it may be made at the option of the moving party, either upon the minutes of the court or a bill of exceptions, or a statement of the case prepared as hereinafter provided."

Section 298 of the Code of Civil Procedure provides: "The party intending to move for a new trial must, within ten days after the verdict of the jury, if the action was tried by a jury, or after notice of the decision of the court or referee, if the action was tried without a jury, file with the clerk and serve upon the adverse party a notice of his intention, designating the ground upon which the motion will be made, and whether the same will be made upon affidavits, or the minutes of the court, or a bill of exceptions, or a statement of the case." It is further provided in the same section as follows: "When the notice for the motion designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates as the ground of motion errors in law occurring at the trial and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made the statement shall be disregarded on the hearing of the motion."

The counsel for the moving party contends that he made specifications of "errors in law," found in his "motion" for new trial, and that was made part of the statement of the case, and should answer for such specifications as the statutes require in the statement of the case. Grant this for the purposes of this case, and still the record shows that there was an entire absence of any "errors occurring at the trial, and excepted to

by the party making the application" for a new trial. Nor did the moving party state in his notice of intention to move for a new trial, as a ground upon which his motion would be made, the statutory cause of "errors in law occurring at the trial and excepted to by the party making the application." Nor did he state any other ground specified in the statute as cause for vacating the verdict or decision, and granting a new trial. The notice of intention to move for a new trial, as set forth in this record, designates the ground of motion as follows: "For the reason that the judgment is contrary to law."

Our statute provides as one ground for motion for a new trial: "Insufficiency of the evidence to justify the verdict or other decision, or that it is against law." The plaintiff did not state that cause for moving for new trial, but this reason as designated in his notice was "for the reason that the judgment is contrary to law." The clause "or that it is against law," found in the sixth subdivision of section 296, clearly does not refer to the judgment. A new trial is to be "a re-examination of an issue of fact." The clause "it is against law," refers to the "verdict or other decision," of the issue of facts tendered by the pleadings. If the decision of the issue was made by a jury it is usually termed a "verdict," if made by a referee, or by the judge trying an issue without a jury, the determination of the issue of fact is usually termed the "decision" or "findings of fact." The very subject provided for by this statute, i. e., "New Trials," is declared by statute to be "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referees." A decision of what, by a court, jury, or referees is here contemplated? Certainly a decision of the "issue of fact." The judgment is the conclusions of law drawn from the facts found by a judicial investigation. Such conclusions are generally stated in an imperative form.

Mr. Hayne, in his work on New Trial and Appeal, section 99, says: "The phrase 'against law' used in the statute, does not mean that a party can move for a new trial on the ground that the judgment is against law. That a judgment is against law is not ground for a motion for new trial." In *Martin* v. *Matfield*, 49 Cal. 42, the ground stated in the notice of intention

to move for a new trial, was "insufficiency of the evidence to justify the judgment and that it is against law." It will be observed that here the ground was much more fully stated than in the case at bar. In that case, Wallace, C. J., in delivering the opinion of the court said: "The insufficiency of the evidence to justify the judgment is not a ground for new trial. Such a motion is not directed at the judgment, but at the verdict, or other decision of fact, for a new trial is a re-examination of an issue of fact. That a judgment is against law is not ground for a motion for a new trial. A verdict or other decision of fact may be set aside, and a new trial granted, if such verdict or decision of fact be against law; that is, if error of law be committed resulting in an erroneous decision of fact. If the decree in this case, as entered of record, be other than that resulting from conclusions of law arrived at by the court below, we cannot correct it upon this appeal, inasmuch as the appeal is taken only from an order granting a new trial." The order was reversed. It should be remarked in passing that the statute of Montana upon this question of practice is like that of California from which our statute on this question was evidently copied.

In *Bumagim* v. *Bradshaw*, 39 Cal. 24, Mr. Justice Crockett in delivering the opinion of the court says: "It is not enough to aver that the verdict is against law, and then offer to support the averment by showing that the verdict is not supported by the evidence, and is, for that reason, 'against law.' If such a course of proceeding was tolerated, all the other specific grounds for new trial, enumerated in the statute, might, for the same reason, be condensed into the one ground, that 'the verdict is against law;' for, in that general sense, it would be 'against law,' if there was any valid reason whatsoever for a new trial. But the statute, in authorizing a new trial on the ground that the verdict 'is against law,' evidently does not intend to include in that phrase all or any of the other several distinct and separate grounds of the motion, which are specified in the act." (Hayne on New Trial and Appeal, § 99.)

The whole argument in this appeal on the part of respondent, who seeks a new trial, is based upon two premises—*first*, that the evidence introduced on behalf of plaintiff is sufficient

to sustain his action, and that the evidence introduced on behalf of defendant is insufficient to sustain a finding and decision in his favor. These questions cannot be reviewed in this application for a new trial, because the respondent has not laid the foundation for the consideration by designating the proper grounds, and specifying the particulars wherein the evidence is insufficient. The other premise is that errors of law occurred at the trial, such as are dwelt upon in the "motion for new trial."

It is palpable that such alleged errors cannot be considered for two reasons, *first*, because no exceptions were saved at the trial, and *secondly* if such exceptions had been saved, the plaintiff gave no notice that he would make "errors in law occurring at the trial and excepted to by the party making the application" one of his grounds of motion for new trial.

For the foregoing reasons, the order granting a new trial is reversed with costs.

BLAKE, C. J., and DE WITT, J., concur.