[No. 20828.   In Bank. — December 31, 1891.]

THE PEOPLE, RESPONDENT, v. THEODORE DON-GULI, APPELLANT.

CRIMINAL LAW — APPEAL — REVIEW OF INSTRUCTIONS. — Where the record on appeal in a criminal action contains no part of the evidence, the appellate court will not reverse the judgment on account of instructions alleged to be erroneous, unless it appears that such instruction would have been erroneous under every conceivable state of facts.

ID. — INSTRUCTION AS TO REASONABLE DOUBT — NATURAL LAW. — An instruction that the jury are not at liberty to go outside of the evidence in the case to find a reason for doubting the guilt or innocence of the defendant is not subject to the objection that it excludes a doubt founded upon the knowledge of natural laws inconsistent with the hypothesis of guilt contended for by the prosecution, when there is nothing in the record to indicate that the prosecution contended for any hypothesis inconsistent with natural law, or that evidence of any natural law would have been relevant or material.

ID. — HOMICIDE — SELF-DEFENSE — APPARENT DANGER — BELIEF OF DE-FENDANT — INSTRUCTION. — Where a homicide is sought to be justified

on the ground of self-defense in view of apparent danger, a part of an instruction, to the effect that it must appear to the jury that the danger to the defendant must be "present, apparent, and imminent," though not by itself clearly distinguishing between actual and apparent danger, could not be misunderstood by the jury, if the whole instruction, properly construed by reading all parts of it together, evidently does not mean that the danger must be real or actual, but means only that to justify the killing on the ground of self-defense, it must have been done under a well-founded belief that it was absolutely necessary, to save the defendant from death or great bodily harm.

ID. — WELL-FOUNDED BELIEF OF DANGER. — A belief that the danger is such as to justify the killing may be "well founded," although there may be no actual danger.

APPEAL from a judgment of the Superior Court of Solano County.

The facts are stated in the opinion.

*George A. Lamont, M. C. Chapman,* and *L. L. Chamberlain,* for Appellant.

*Attorney-General Hart,* for Respondent.

VANCLIEF, C. — The defendant was convicted of the crime of murder in the second degree, and sentenced to imprisonment in the state's prison for a term of eleven years. Defendant appeals on the judgment roll alone, containing no bill of exceptions; and the only points made relate to the propriety of certain instructions given to the jury. It does not appear that any instructions were requested by either party, and those given appear to have been given by the court of its own motion, and in the absence of any part of the evidence, seem to be correct.

1. The defendant contends that the court erred in giv the following instruction:—

" I instruct you that a reasonable doubt is that state of the case which, after entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge. I instruct you further, under this head, that in

a legal sense a reasonable doubt is a doubt which has some reason for its basis; it does not mean a doubt from mere caprice or groundless conjecture. *If you should entertain a reasonable doubt, then you should be able to give some reason, founded upon the evidence or want of evidence, in this case, for such doubt. And you are not at liberty, under the law and your oath, to go outside of this case to hunt for or find a reason for doubting the guilt or innocence of the defendant, or the existence or non-existence of any fact or circumstance necessary to a conviction or acquittal of the defendant, but you must look only to the evidence in this case.* A doubt, to justify an acquittal, must be reasonable, and arise from a candid and impartial consideration of all the evidence in the case. Therefore, if after a careful and impartial consideration of all the evidence which has been submitted to you in this case, you can say and feel that you have an abiding conviction of the guilt of the defendant, and are fully satisfied of the truth of the charge, then you are satisfied beyond a reasonable doubt, and should convict."

The only part of this instruction objected to is the part italicized. It is said that "it would exclude from the consideration of the jury a doubt founded upon a knowledge of natural laws inconsistent with the hypothesis contended for by the prosecution."

It does not appear from the record that the prosecution contended for any hypothesis claimed to be inconsistent with any natural law, or that evidence of any natural law would have been relevant or material. When the record contains no part of the evidence, " it is well settled that this court will not reverse the judgment on account of instructions alleged to be erroneous, 'unless it appears that such instruction would have been erroneous under every conceivable state of facts.'" (*People* v. *Smith*, 57 Cal. 130.)

2. It is contended that the court erred in giving the italicized parts of the following instruction:—

"To justify a person for killing another upon the ground of self-defense, the killing must be done *under a*

*well-founded belief that it was absolutely necessary for such person to kill the deceased at that time to save himself from great bodily harm.* Should you believe from the evidence, beyond a reasonable doubt, that the defendant did kill the said John Ryan, then, in order that he may avail himself of self-defense, *it must appear to you that the danger to the defendant must be present, apparent, and imminent, and the killing must have been done under a well-founded belief that it was absolutely necessary for the defendant to kill Ryan at the time, to save himself from death or from great bodily harm,* or to save some one in his habitation from great violence from Ryan or his associates."

It is contended by counsel for defendant that "if the appearances were such as would have led a man of ordinary courage, firmness, and intelligence to believe the danger imminent, and the killing necessary to avoid death or great bodily harm, such killing was justifiable, even though there may have been in truth no danger at all. It is the *appearance* of danger, not the *actual* danger, which justifies."

Conceding this to be correct, it is not inconsistent with the instruction, properly construed by reading all parts of it together. So read and construed, it means only that to justify the killing on the ground of self-defense, it must have been done under a well-founded belief that it was absolutely necessary to save the defendant from death or great bodily harm, and does not mean that the danger must have been real or actual. The expression, "it must appear to you that the danger to the defendant must be present, *apparent*, and imminent," read by itself is not clear, and perhaps might be understood as requiring the danger to be actual; but read in connection with what precedes and that which immediately follows it, I think it could not have been so understood by the jury.

But the principal objection is to the expression that the belief must be "a well-founded belief." A belief that the danger is such as to justify the killing may be

"well founded," although there may be no actual danger. Of this, counsel's supposed case is an example in point.

I think the judgment should be affirmed.

FOOTE, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

McFARLAND, J., concurring. — I concur in the judgment, because I think that, taking the charge to the jury as a whole, the appellant was not prejudiced. But I do not think that courts hereafter should adopt that part of the charge which deals with the subject of reasonable doubt as an entirely proper instruction. For instance, the jury are told that if they have a reasonable doubt, then they "should be able to give some reason . . . . for such doubt." Now, there are intelligent and sensible jurors able to come to correct conclusions which are expressed by the formula "guilty," or "not guilty," whose minds have not been trained in the exercise of expressing in language the train of reasoning by which they arrive at their verdicts. They are not required to "give" their reasons; that is not their business.