STATE, RESPONDENT, v. GAWITH, APPELLANT.

[Submitted December 14, 1896.   Decided December 21, 1896.]

CRIMINAL PRACTICE—*Bill of Exceptions—Settlement—Notice.*—The statute, (section 2171, Penal Code) requiring a notice of at least two days to the county attorney of the presentation of a bill of exceptions to the judge for settlement is mandatory, and where the record on appeal does not show affirmatively that such notice was given the bill of exceptions will not be considered. (*McKay* v. *Montana Union Ry. Co.*, 13 Mont. 15, cited.)

SAME—*Record—Instructions.*—Error of the court in refusing to instruct the jury to acquit the defendant for insufficiency of the evidence to warrant a conviction will not be considered where the record does not properly present the evidence for review.

SAME—*New Trial—Designation of Grounds.*—Under section 2194 of the penal code, providing in effect that a motion for a new trial, if error has been committed by the court in misdirecting the jury in a matter of law, or if the court has erred in the decision of any question of law arising during the course of the trial, or when the verdict is contrary to the law or evidence, must be made on a bill of exceptions, and the notice of motion must designate the grounds upon which the motion will be made,—alleged error in instructions will not be reviewed on appeal where the only ground designated is that the verdict is contrary to law and evidence. (*Froman* v. *Patterson*, 10 Mont. 107, cited.)

*Appeal from Eleventh Judicial District, Flathead County.*

CONVICTION for grand larceny.   The defendant was tried before POMEROY, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

The defendant was convicted of grand larceny and sentenced to the penitentiary by the district court of Flathead county on February 12th, 1896.   On February 17th, he gave his notice of intention to move for a new trial, upon the grounds, among others, that the court erred "in refusing to instruct or advise the jury to acquit," and "that the verdict in said cause is contrary to the law and evidence."   The notice stated that the motion would be made upon a bill of exceptions, to be thereafter submitted to and settled by the court, and upon the files and records and minutes of said court.   The notice of intention to move for a new trial was duly served upon the county attorney on February 17th, 1896.   The record contains no proof of service upon the county attorney of the bill of exceptions, or of notice of the presentation of the bill of excep-

tions to the judge for settlement.   On May 19th, 1896, Judge Pomeroy certified that the bill of exceptions was settled and allowed.   On June 23d the motion for a new trial was over-ruled, and on August 22d defendant's counsel duly gave notice of appeal from the judgment and from the order deny-ing defendant's motion for a new trial.

*H. G. Swaney, John Bloor* and *C. B. Nolan,* for Appel-lant.

*Henri J. Haskell,* Attorney General, for the State, Respond-ent.

HUNT, J.—At the outset of this case the state objects to the consideration by this court of the bill of exceptions em-bodied in the transcript, because it does not appear by the record that the appellant ever notified the county attorney that he would present a bill of exceptions to the judge for settle-ment.

The recitals and statements of record, by which of course we must determine whether the appellate power of this court is invoked, nowhere disclose that any notice of the presenta-tion of a bill of exceptions to the judge for settlement was ever given to the county attorney; nor does it appear that the county attorney ever appeared to offer amendments for any purpose whatsoever connected with the settlement of any bill of exceptions, or in any manner knew of the existence of any such paper before appeal was taken, or that he waived the notice required by the statute.

The statute requiring a notice of at least two days to the county attorney of the presentation of the bill to the judge, is mandatory.   Notice is indispensable, and it must appear on the face of the record that this step, necessary to give this court jurisdiction of the appeal, has been taken.   The statute provides as one necessary way by which possible errors in the presentation of matter excepted to on the trial, and sought to be preserved for review by bill of exceptions, can be revised and made correct is by extending to the prosecuting officer an

opportunity to examine the defendant's proposed bill of exceptions, that he may offer amendments to the same. (*McKay* v. *Montana Union R. R.*, 13 Mont. 15.) To deny him this opportunity is to ignore the law, and that he has had this opportunity this court can only be advised by an affirmative showing by the record. This must be so, for the reason that, if the county attorney has had no notice of the bill of exceptions, he has had no chance to object thereto, and matter may thus have been incorporated in the bill, as settled by the judge, which had no proper place therein, and which would not have been allowed had the county attorney had the statutory opportunity to call the judge's attention to errors or defects in the proposed bill.

In *State* v. *Hinchey*, 5 Wash. 326, this exact question was raised, and the court said :

" The respondent also moves the court to strike the bill of exceptions from the files on the ground that no notice of the settlement thereof was served upon the respondent as required by law. And as the record is silent as to notice, there is nothing before us to show that the court had jurisdiction to settle the same."

The following cases are also in point, and hold that the record should show that the bill of exceptions was served, or notice of the presentation of the same for settlement must be given to the opposite party or his counsel. (*Snead* v. *Tietjen*, (Ariz.) 24 Pac. 324; *People* v. *Hill*, 78 Cal. 405; *Coleman* v. *Ransom*, 45 Ga. 316; *Arnett* v. *Russell*, 59 Ga. 666; *Ackerman, Executrix* v. *Neil, Receiver*, 70 Ga. 728; Encyclopedia of Pleading and Practice, Vol. 83, pages 444-446.)

The bill of exceptions which contains the evidence cannot therefore, be considered.

On the appeal from the judgment we cannot consider the alleged error of the court in refusing to instruct or advise the jury to acquit, for the reason that the ground of that motion was the insufficiency of the evidence to warrant a conviction. But as the evidence is not before us, as heretofore decided, we cannot review the same.

The defendant relies upon errors alleged to have been committed by the court in instructing the jury. Section 2194, of the Penal Code, provides that a motion for a new trial, if error has been committed by the court in misdirecting the jury in a matter of law, or if the court has erred in the decision of any question of law arising during the course of the trial, or when the verdict is contrary to the law or evidence, must be made upon a bill of exceptions, and the notice of motion must designate the grounds upon which the motion will be made. The ground designated in the notice of motion in the case before us, is that "the verdict is contrary to law and evidence." So far, therefore, as the motion pertains to the evidence, it must be disregarded at once, as the evidence is not before us.

The question remaining, therefore, resolves itself into this: Can this court review the instructions on an appeal from the judgment, or from an order denying a motion for a new trial, where the only designation of the ground upon which the motion for a new trial was made, is that "the verdict is contrary to law?" It would seem as if under any circumstances there should be a more specific designation of the ground relied on than we find in this case; (*State* v. *Black*, 15 Mont. 144;) but, assuming that by changes in the code since *State* v. *B:ack*, *supra*, was decided, the statutory words are now a sufficient designation upon which the court will review the question of whether "a verdict is contrary to law or evidence," still the appellant here is not in a position to have the instructions considered by the court, because under a notice of motion designating as grounds for a new trial that "the verdict is contrary to law and evidence," the statute does not mean to include the distinct and separate ground of motion enumerated in subdivision 5 of section 2192, which authorizes the court to grant a new trial "when the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial." In *Froman* v. *Patterson*, 10 Mont. 107, the court approvingly quoted from the opinion in *Bumagim* v. *Bradshaw*, 39 Cal.

24, where it was held that it was not enough to aver that the verdict was against law, and then offer to support the averment by showing that the verdict was not supported by the evidence and was for that reason against law, and said :

"If such a course of proceding was tolerated, all the other specific grounds for new trial, enumerated in the statute, might, for the same reason, be condensed into the one ground that 'the verdict is against law;' for, in that general sense, it would be 'against law,' if there was any valid reason whatsoever for a new trial. But the statute, in authorizing a new trial on the ground that the verdict 'is against law,' evidently does not intend to include in that phrase all or any of the other several distinct and separate grounds of the motion, which are specified in the act." (Hayne on New Trial and Appeal, § 99.)

It seems to us that to hold that the instructions may be reviewed on appeal under the sole designated ground that the verdict is contrary to law, would do entirely away with the distinct and separate ground upon which a new trial may be granted when the court has misdirected the jury in a matter of law. A verdict is against law, says Hayne on New Trial and Appeal, section 99, only "*where it can be seen* that the verdict of the jury was against the instructions." (*Murray* v. *Heinze*, 17 Mont. 353.)

There being nothing left for review of which appellant complains, the judgment and order appealed from must be affirmed.

*Affirmed.*

Pemberton, C. J. and De Witt, J, concur.