STATE OF MONTANA, RESPONDENT, v. HARRY GILL, ET AL., APPELLANTS.

[Submitted May 18, 1898. Decided May 23, 1898.]

21　151
24　344
21　151
30　522

21　151
f36　119

*Criminal Law—Robbery—Information—Instruction—Record on Appeal.*

1. ROBBERY.—*Information.*—An injunction for robbery charged as follows (omitting unimportant matters): That the defendants on the 13th day of November, A. D. eighteen hundred and ninety-seven, with force and arms in and upon one "C. H.,' then and there being, feloniously did make an assault, and the said "C. H." in bodily fear and danger of his life then and there feloniously did put, and (describing the property) of the goods and chattels of said "C. H."—then and there in the possession of the said "C. H.," from the immediate presence of the said "C. H." and against the will of the said "C. H.," by means of the fear aforesaid, did feloniously steal, take and carry away, with the intent then and there to deprive the said "C. H." thereof, etc. *Held*, first, that the information states the time when the property was taken. Second, that the intent to deprive the owner of the property was sufficiently alleged, Third, that the information sufficiently charged the fear necessary to constitute the crime of robbery as defined in Section 391 of the Penal Code.
2. INSTRUCTION.—Where the record on appeal does not contain any evidence, the court will not consider any assignment of error in the giving or refusing instructions.

*Appeal from District Court, Madison County; M. H. Parker, Judge.*

Harry Gill and four others were convicted of robbery, and they appeal. Affirmed.

*W. A. Clark,* for Appellants.

*C. B. Nolan, Attorney General,* for the State.

PEMBERTON, C. J.    The appellants were tried and convicted in the district court of Madison county of the crime of robbery, and from the judgment of conviction this appeal is prosecuted.

Counsel for the appellants contends that the information is fatally defective, in that it does not state facts sufficient to constitute a public offense.

The information charges that the crime of robbery was committed by the appellants as follows:    "That the said Harry Gill, George Ogilvie, James Layhay, William Benoit, and Charles Truby, on the 13th day of November, A. D. eighteen hundred and ninety-seven, at the county of Madison, state of Montana, with force and arms, in and upon one Charles L. Hathaway, then and there being, feloniously did make an assault, and the said Charles L. Hathaway in bodily fear and danger of his life then and there feloniously did put, and ten pounds of gold amalgam, a more particular description whereof is to the said county attorney unknown, of the value of seven hundred and fifty dollars, and one revolver, known as a 'Colt's Frontier Six-Shooter,' a more particular description whereof is to the said county attorney unknown, of the value of twelve dollars, of the goods and chattels of said Charles L. Hathaway, the true owner thereof, then and there in the possession of the said Charles L. Hathaway, from the immediate presence of the said Charles L. Hathaway, and against the will of the said Charles L. Hathaway, by means of the fear aforesaid, did feloniously steal, take, and carry away, with the intent then and there to deprive the said Charles L. Hathaway thereof," etc.

Counsel contends that there is no allegation in the information as to when the property was taken from the owner. But we think this contention is not supported.    The information alleges the assault to have been made on the 13th day of November, 1897, and, after describing the property as then and there in possession of Hathaway, charges that the appellants did feloniously steal, take, and carry away said property, "with the intent then and there to deprive" Hathaway

thereof. This language admits of no uncertain construction as to when it is charged appellants took the property from the possession of the owner.

Counsel makes the contention that there is no allegation in the information of any intent to deprive the owner of any property. The information charges the property to have been stolen ''with the intent then and there to deprive the said Charles L. Hathaway thereof.'' It is apparent that the word ''thereof'' refers to the property described. The language of the information admits of no other reasonable construction.

It is claimed by appellants' counsel that the information does not contain any sufficient allegation of fear so as to constitute robbery under our statute. The language of the information charging fear is, ''And the said Charles L. Hathaway in bodily fear and danger of his life then and there feloniously did put.'' Counsel contends that this is not the equivalent of the ''fear of an unlawful injury to person or to property'' mentioned in our statute as a necessary element of robbery. (Sec. 391, Penal Code.) But it is difficult to understand how a person can be feloniously put in bodily fear and danger of his life without being in fear of an unlawful injury to his person. The information charges more than the statute requires, and, if that be the only fault or criticism, the information is good. (Bishop on Criminal Procedure, Vol. I, Sec. 613.)

We think the information sufficient when tested by the rules prescribed by our Code. (Sections 1841, 1842, Penal Code; *State* v. *Bloor*, 21 Mont. 49, 52 Pac. 611.)

The court gave the following instruction to the jury: ''The jury are instructed that although the jury may believe, from the evidence, that Hathaway was indebted to the defendants in different sums of money, that fact would not justify the defendants in taking from said Hathaway the personal property mentioned and described in the information, or any part thereof, by force and violence, or in any other way except by the voluntary consent of said Hathaway, or by due

process of law, and that such taking by force and violence or against the voluntary consent of the said Hathaway was unlawful,''—and refused to give the following one, at the request of appellants: "If the jury believe from the evidence in this case that the defendants went to the house where said Hathaway was sleeping with intent and purpose of securing from said Hathaway the money that was due them for their wages, or compelling the said Hathaway to pay them their wages, or deliver up to them the amalgam in his possession in payment or part payment of said wages, and that the said Hathaway got said amalgam, and handed it over or put it in a position where the said defendants, or either of them, could take possession of it, then, in law, said defendants were not guilty of robbery, and you must acquit.''

This action of the court is assigned as error. Whether such action of the court was erroneous or not depends necessarily upon what the evidence was. It is impossible for us to determine whether or not the court erred in this particular without an examination of the evidence, and there is not a syllable of evidence in the record. The attorney general practically concedes in his argument that, if the evidence was before the court, it would show that the district court erred in giving and refusing the instructions complained of, but says, also, if the facts constituting the alleged crime be as indicated in the instruction refused by the court, and that such facts do not in law constitute robbery, then, under the condition of the record in this case, the proper appeal of the appellants is to the executive of the state. We are fully in accord with the attorney general in this respect. At any rate, the record is in such condition that we are unable to consider the error assigned in the giving and refusing of the instructions in question.

The judgment is affirmed.

*Affirmed.*

Hunt and Pigott, JJ., concur