STATE, RESPONDENT, *v.* PHILLIPS, APPELLANT.

(No. 2,441.)

(Submitted October 12, 1907. Decided November 4, 1907.)

[92 Pac. 299.]

*Criminal Law—False Pretenses—Attempt—Information—Sufficiency—Instructions.*

False Pretenses—Attempt—Elements—Information—Sufficiency.
1. The crime of attempting to obtain money by false pretense is complete whenever the false representation is made, with the requisite criminal intent, under such circumstances that, if the thing of value had been obtained, a deprivation would have been the result; the information need not, therefore, allege that the person attempted to be defrauded believed the representation, nor that the fraud was completed.

Same—Information—Sufficiency.
2. An information charging an attempt to obtain money by false pre-

tenses, which alleged that defendant willfully, unlawfully and falsely pretended to one P., residing in Massachusetts, and to the manager of a telegraph office, that he was a brother of P., and did then and there send a telegram to said P. asking for $100 to enable him to return home, and that he was ill, with intent to cheat and defraud, etc., "whereas defendant then knew that said pretenses were false," and that "by color and means of said false pretenses," etc., he attempted to obtain from P. and others said sum of money, by fair intendment negatived the truth of the representation made by defendant that he was the brother of P.  (Mr. Chief Justice Brantly dissenting.)

Same—Pleadings—Fraud.
    3.   While in pleading fraud the facts constituting it, and not the legal conclusion, must be stated, it is not necessary that all of the facts be set forth in detail, but if the ultimate probative facts are stated, it is sufficient.

Same—Information—Sufficiency.
    4.   The charge in the information referred to in paragraph 2 above, that defendant willfully, unlawfully, and falsely pretended to P. that he was his brother, etc., sufficiently set forth the facts constituting the attempted fraud, even though it be assumed that the pleader intended to allege that the fraudulent representations were made by means of a telegram, but failed to so state in appropriate terms.  (Mr. Chief Justice Brantly dissenting.)

Same—Information—Sufficiency.
    5.   Nor was the above information objectionable on the ground that it did not contain a statement of facts constituting the offense in ordinary and concise language, so as to enable a person of common understanding to know what was intended to be charged, or that it was not direct and certain in its statements, as required by sections 1832 and 1834 of the Penal Code.  (Mr. Chief Justice Brantly dissenting.)

Same—Information—Immaterial Allegations—Prejudice.
    6.   Even though the information above was defective in form, and contained many immaterial averments, these objections could not have prejudiced the defendant, and were insufficient to work a reversal, under the provisions of sections 1842, 2600 and 2320 of the Penal Code.  (Mr. Chief Justice Brantly dissenting.)

Same—Instructions—Refusal—Evidence—Record.
    7.   In the absence of the evidence from the record on appeal in a criminal cause, the refusal to give a requested instruction will not be held erroneous, unless such refusal was error under any supposable state of facts which might have been presented by the evidence.

Same—Precautionary Instruction—Discretion.
    8.   In a prosecution for crime it is discretionary with the trial court to give, or refuse, an instruction cautioning the jury as to the duty of each member thereof not to vote for a verdict of guilty, if he entertain a reasonable doubt, merely because a majority should be in favor of such a verdict, and not to yield his conscientious convictions as to the guilt or innocence of the accused to the will of the majority for the sake of humanity or to prevent a mistrial.

Instructions—Refusal—When not Error.
    9.   Refusal of instructions relative to subjects sufficiently covered by those given is not error.

DAVID PHILLIPS was convicted of an attempt to obtain money by false pretenses, and appeals from the judgment of conviction.  Affirmed.

*Mr. J. L. Staats,* for Appellant.

The information does not state facts sufficient to constitute a public offense. In a charge of this kind, the information should specifically negative every false pretense charged against the defendant. The most that can be said is that the information here negatives (but only by inference) the representation of appellant that he was a brother of Charles Phillips, but it does not negative specifically any of the statements made as charged, whether contained in the telegram or out of it. This should be done in all cases of this character. (*State* v. *Palmer,* 50 Kan. 318, 32 Pac. 29; *State* v. *Mesch,* 37 Kan. 222, 15 Pac. 251.) The facts constituting the alleged fraud are not sufficient in the information. In all cases, civil and criminal, the facts constituting the fraud must be set out, they must of themselves be legally sufficient to effect a fraud. This doctrine is elementary, and no authorities need be cited to support it. Moreover, the statute requires that the facts charged must be direct and certain as regards the particular circumstances of the offense charged. (Pen. Code, sec. 1834; *People* v. *McKenna,* 81 Cal. 158, 22 Pac. 488; *People* v. *Mahoney,* 145 Cal. 104, 78 Pac. 354; and cases cited.)

Where requested instructions correctly declare the law, and have not been otherwise given, they should be given especially in criminal cases. (*People* v. *Williams,* 17 Cal. 143.) In *People* v. *Ramirez,* 13 Cal. 173, the court held that correct instructions, requested, should have been given, even where otherwise given.

The form of the verdict was guilty in manner and form as charged in the information. The verdict cannot rise higher than its source, which indeed must of necessity derive its life and validity from the information itself. If the verdict of the jury is uncertain, it will not support the judgment. (*State* v. *Coon,* 18 Minn. 518 (Gil. 464).) In this case the information is no aid in determining by what false pretenses the defendant was found guilty of fraud in attempting to obtain money by false pretenses. (*People* v. *Cummings,* 117 Cal. 497, 49 Pac.

576.)   It is also uncertain for what offense the jury found appellant guilty.  If the verdict is insufficient to support the judgment, the court was in error in pronouncing judgment at all against the appellant.  (*People* v. *Cummings, supra; State* v. *Coon, supra.*)   Moreover, where the facts alleged in the information are not sufficient to constitute a public offense, the judgment is absolutely void.  (*Ex parte Kearny,* 55 Cal. 212; *Matter of Corryell,* 22 Cal. 178; *People* v. *Liscomb,* 60 N. Y. 559, 19 Am. Rep. 211; *Ex parte Siebold,* 100 U. S. 371, 25 L. Ed. 717.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant, charged by information with an attempt to obtain money by false pretense, was found guilty.  He has appealed from the judgment of conviction.  He alleges that he was prejudiced by the action of the court in overruling his demurrer to the information, and refusing to submit to the jury several instructions requested by him.

The charge in the information is stated as follows: "That on or about March 7, 1906, at the county of Gallatin, state of Montana, said David Phillips then and there willfully, unlawfully, feloniously, and deceitfully falsely pretended to one Charles Phillips, of New Bedford, Massachusetts, and to one Mary G. Jones, manager of the Western Union Telegraph office, of Bozeman, Montana, that he, the said David Phillips, was David Phillips, a brother of said Charles Phillips of New Bedford, Massachusetts; that he, the said David Phillips, did then and there, and thereupon, send a telegram from and through said Western Union Telegraph office at Bozeman, Montana, addressed to the said Charles Phillips, which telegram reads in words and figures as follows, to-wit:

" 'Mar. 7, 1906.

" 'Charles Phillips,

" 'New Bedford, Mass.

" 'Telegraph me, waiving identification, hundred dollars. Sick. Coming home. Answer.

" 'DAVID PHILLIPS.'

—and did then and there and thereby attempt and endeavor to unlawfully obtain from said Charles Phillips, Mary G. Jones, David Phillips of Pony, Montana, Western Union Telegraph Company, and others money in the sum of one hundred dollars ($100), and of the value of one hundred dollars ($100), of the personal property of the said Charles Phillips, with intent then and there to cheat and defraud the said Charles Phillips, Mary G. Jones, David Phillips, Western Union Telegraph Company, and others out of the said sum of money, whereas, said David Phillips then knew that said pretenses were false and that, by color and means of said false pretenses, said David Phillips did then and there knowingly, designedly, feloniously, and unlawfully attempt to obtain from said Charles Phillips, Mary G. Jones, David Phillips, Western Union Telegraph Company, and others the said sum of $100 in money, of the value of $100, with intent to cheat and defraud the said Charles Phillips, Mary G. Jones, David Phillips, Western Union Telegraph Company, and others.''

It is argued that the facts stated do not constitute a public offense, in that there is no averment that the pretense or representation made by the defendant was not true. Evidently the representation which the pleader intended to allege as the means by which the fraud was attempted was that the defendant was the brother of Charles Phillips.

In *Territory* v. *Underwood*, 8 Mont. 131, 19 Pac. 398, an indictment for obtaining money under false pretenses, found under a section of the criminal laws of the territory (Comp. Stats. 1887, Div. 4, sec. 199), which is substantially the same as section 933 of the Penal Code, it was pointed out that it was necessary to allege (1) a false pretense or representation; (2) that

it was made for the purpose of defrauding some person or corporation; .(3) that the representation was not true; (4) that it was believed by such person; and (5) that the person was defrauded out of something of value, naming it and its value. In this case the offense was not complete. The charge is an attempt to commit the crime. Hence it was not necessary to allege that the person upon whom the fraud was attempted believed the representation, for it is immaterial whether he believed it or not. The crime of attempting to obtain money by a false pretense is complete whenever the false representation is made, with the requisite criminal intent, under such circumstances that, if the thing of value had been obtained, a deprivation would have been the result. In charging the attempt, therefore, the averments of belief and completion of the fraud are not essential. Otherwise the averments enumerated are essential.

Does the information here by fair intendment negative the truth of the representation made by the defendant that he was the brother of Charles Phillips? The language is: "Whereas said David Phillips then·knew that said pretenses were false." By fair intendment this means that the representation was false, and that the defendant knew this to be so. This negation is aided by the additional expression, "And that by color and means of said false pretenses," etc. While the information is not a model in this respect, we think the traverse is sufficient.

Again, it is argued that the facts constituting the attempted fraud are not stated in sufficient detail. It is an elementary rule that, in pleading fraud, the facts constituting it, and not the legal conclusion, must be stated. But this does not require all of the facts to be set forth in detail, but only the ultimate probative facts. It is sufficient if the allegation be such as that a denial of it will present an issue as to its truth and require proof to establish it. Eliminating the averments touching the sending of the telegram, the charge is that the defendant willfully, etc., falsely pretended to Charles Phillips that he was his brother, etc. This alleges an issuable fact, and is sufficient,

even though it be assumed that the pleader intended to allege that the representations were made by means of the telegram, but failed to use appropriate terms.

It is said that the information does not substantially conform to the requirements of section 1832 of the Penal Code, for that it does not contain a statement of facts constituting the offense, in ordinary and concise language, so as to enable a person of common understanding to know what is intended. What has already been said is sufficient to dispose of this contention. It is true that it is alleged that the representation was made to both Charles Phillips and Mary G. Jones. It is also alleged that the purpose was to defraud both of these persons, and also David Phillips, of Pony, Montana, the Western Union Telegraph Company, and others. The purpose of the statute is to require such a statement of the charge that the defendant may know what he has to meet and so be able to prepare his defense. The information notified him of the fact that he had made a false representation to both the first-named persons, with intent to defraud them, as well as the others named and unnamed. It could do him no harm if the charge was not sufficiently specific to enable the state to offer proof of the averments as to the other persons. It was clear that he must meet the one charge as to Charles Phillips. It is sufficiently direct and certain as to this specific charge. It also sets forth the particular circumstances with sufficient detail to meet the requirements of section 1834 of the Penal Code. As before remarked, the information is certainly not a model. It is defective in form, and contains many averments that are immaterial; but these objections are not fatal, since it is apparent that they could not prejudice the defendant. (Pen. Code, secs. 1842, 2600, 2320.)

Counsel requested that the court instruct the jury that if they believed that the defendant sent the telegram set out in the information in good faith, believing that he had a brother by the name of Charles Phillips residing at New Bedford, Massachusetts, they should acquit him. The court denied the re-

quest. It is said that this was error. Under a supposed condition presented by the evidence, this instruction would have been proper and should have been given, for under this condition of facts the criminal intent would have been wanting; but since the evidence is not before us, we are not able to say that the condition presented by it rendered such an instruction necessary. We cannot say whether the defense was that the representation was not in fact made, or whether it proceeded upon the theory that it was the result of an honest mistake. In the former case such an instruction would not have been applicable. Therefore, under the rule repeatedly recognized by this court, that, in the absence of the evidence, instructions may not be held erroneous unless they appear to be so upon any supposable state of facts which might have been presented by the evidence, we may not say that the refusal of this instruction was error. (*State* v. *Gawith,* 19 Mont. 48, 47 Pac. 207; *State* v. *Gill,* 21 Mont. 151, 53 Pac. 184; *State* v. *Mason,* 24 Mont. 340, 61 Pac. 861; *State* v. *Kremer,* 34 Mont. 6, 85 Pac. 736.)

The court refused the request of the defendant to give the following instructions:

"(a) If, after consideration of the whole case, any juror should entertain a reasonable doubt of the guilt of the defendant, it is the duty of such juror entertaining such doubt not to vote for a verdict of guilty, nor to be influenced in so voting, for the single reason that a majority of the jury should be in favor of a verdict of guilty.

"(b) You are instructed that your verdict must be unanimous, and that each juror should decide for himself upon his oath, from the law as given you by the court and the evidence in the case, as to what his verdict should be. No juror should yield his deliberate, conscientious convictions as to the guilt or innocence of the defendant, either at the instance of the majority of the jury for the sake of unanimity, or to prevent a mistrial; but you are further instructed that nothing in this instruction is to be taken to mean that you shall not fully and fairly discuss among yourselves all the evidence and facts sur-

rounding the case, as disclosed by the evidence, or that any of your number shall not be open to conviction by fair, honest argument, by any member or members of the jury, founded upon the evidence produced at the trial and the law as given you by the court.''

It is argued that this was prejudicial error. The necessity of giving such a precautionary instruction was considered by this court in *State* v. *Hurst*, 23 Mont. 484, 59 Pac. 911. It was there held that it was discretionary with the trial court, under the circumstances of the particular case, whether such an instruction should be given. This was approved and followed in *State* v. *Howell*, 26 Mont. 3, 66 Pac. 291. Some courts hold that the jury should be so cautioned whenever requested by the defendant, and that a refusal to do so is prejudicial error. This is apparently the rule in California. (*People* v. *Dole*, 122 Cal. 486, 68 Am. St. Rep. 50, 55 Pac. 581.) It has been declared to be the rule by the courts of Kansas and Indiana. (*State* v. *Witt*, 34 Kan. 488, 8 Pac. 769; *Castle* v. *State*, 75 Ind. 146.) In Iowa it is held that the usual mode of instructing is sufficient, since the jurors may be presumed to know their duty and act accordingly. (*State* v. *Hamilton*, 57 Iowa, 596, 11 N. W. 5.)

Upon further consideration of the subject, we are of the opinion that the rule announced in *State* v. *Hurst* and *State* v. *Howell* is the better one. The instructions requested declare the law correctly. Of course, it is the duty of each juror to decide for himself, and not to yield to a majority, and agree to a verdict of guilty, so long as he entertains a reasonable doubt; but, if there is any one thing which the average American citizen understands, it is that he has a right to his own opinion, and that he may disagree with his fellows. He fully understands that it is his duty, as well as his right, to be governed by his own convictions under his oath. He understands, also, that a verdict is the result of the concurrence of individual judgments, and that he should not set aside and disregard the dictates of his own conscience simply because they do not co-

incide with those of his associates. Further, when the jurors are sworn, they are sworn individually, and not collectively, each one promising on his oath that he will a true verdict render according to the evidence. Again, the instructions are addressed to the jurors individually, as well as collectively. Such being the case, there can be no presumption that each individual juror will not understand that he has his own duty to perform, without regard to what may be the convictions of others. The danger that some weak juror may yield to the majority is thus minimized. Finally, the defendant may satisfy himself that the verdict is the verdict of each juror by calling for a poll; but even then, if any juror has been weak enough to surrender his judgment to the majority, he will answer in conformity with his vote in the jury-room. After all, since a verdict cannot be impeached by the affidavits of the jurors, except when it is the result of chance or other. like means, there is no way of ascertaining whether the instruction has proved effective. It is better to leave the whole matter to the discretion of the trial judge, who sees the individual jurors, and can judge of their respective capacities. In any event, it is going too far to adopt a rule which implies that, if the defendant sees fit in his discretion to request such an instruction, it must be given or the verdict cannot stand.

Two other requests for special instructions were refused. We doubt if one of these instructions has been correctly copied in the record. If so, one sentence in it is unintelligible. However this may be, both instructions are sufficiently covered by the instructions given. Consequently the refusal to give them was not error.

Finally, it is contended that the verdict is not sufficiently definite, and that the court erred in rendering judgment upon it. We think there is no merit in these contentions.

In the foregoing opinion, I have written the views of my associates upon the questions presented by the demurrer. I do not concur in the conclusion stated on this branch of the case. I think the averments are so indefinite and uncertain that they do

not meet the requirements of the statute (Pen. Code, sec. 1832), that the statement of facts constituting the offense must be made in such a manner as to enable a person of common understanding to know what is intended. I do not think it can be understood from them with any degree of certainty exactly what the pleader meant; whether he meant to charge that the representation made to Charles Phillips, of New Bedford, Massachusetts, was made verbally or in writing, other than the telegram, directly, or whether it was made by means of the telegram alone, Mary G. Jones being the intermediary only. While it is not necessary to allege the means by which the representation is made, yet the allegations as a whole are so framed as to leave the defendant to guess as to what the state expected to prove in this connection. Further, they lack directness and certainty in setting forth the particular circumstances of the offense charged. (Pen. Code, sec. 1834.) Taking them all together, they fairly permit the inference that the pleader intended to allege that the defendant, knowing that Charles Phillips, of New Bedford, Massachusetts, had a brother residing in Montana, named David Phillips, represented to Charles Phillips that he, the defendant, was such brother, that he was ill and needed aid in order that he might return home to Massachusetts, whereas, in fact, such representation was false and known to the defendant to be so when it was made. That these were the particular circumstances of the offense is inferable from the fact that Charles Phillips was in Massachusetts and the defendant in Montana, else the telegraph would not have been resorted to. If such were the case, the facts constituting the attempted fraud are not sufficiently alleged. In these respects I think the information insufficient. In the other conclusions stated in the opinion I concur.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.