## PARRIN, RESPONDENT, *v.* MONTANA CENTRAL RAIL-WAY CO., APPELLANT.

[No. 1,066.]

[Submitted March 10, 1899.  Decided March 13, 1899.]

*Railroads—Killing  Stock—Measure  of  Damages—Appeal—Prejudicial  Error.*

1.  The fact that the owner is a dairyman cannot  be considered  in assessing damages against a railroad for killing cows, no recovery being sought for loss to the business.
2.  Where it is not shown that an error did  not or could not prejudice the party against whom it was committed, the error will be presumed to be injurious.

*Appeal  from  District  Court,  Jefferson  County;  Frank Showers,  Judge.*

ACTION by L. Parrin against the Montana Central Railway Company.   From a judgment for plaintiff, and an order deny-ing a new trial, defendant appeals.   Reversed.

*A. J. Shores* and *F. C. Parks,* for Appellant.

*J. L. & M. L. Wines,* for Respondent.

**PER CURIAM.**—Plaintiff owned nine cows and calves and two mares, which were killed by trains of defendant, and brought this action to recover as damages $995, their alleged value.   The complaint states that, at the times when the cattle were killed, plaintiff was engaged in the dairy business, and in raising blooded stock for use and sale, that defendant did not comply with the requirements of Sections 950 and 953 of the Civil Code, and that the cattle were killed by the negli-gent running of trains, to the damage of plaintiff in the sum mentioned as their value.   Defendant, by answer, denied the value to have been in excess of $310, and put in issue every material allegation of the complaint, except that in respect of the corporate character of defendant.   Verdict and judgment

in favor of plaintiff.    Defendant appeals from the judgment and an order refusing a new trial.

No point is made that the evidence is insufficient to justify the verdict.    The sole error assigned is the giving of the following instruction:    "Witnesses have testified before you in this case as to the value of the stock alleged to have been killed.    While you have a right, and it is proper for you, to consider and weigh all such testimony, yet it is not, standing alone, conclusive upon you touching such value; and you have a right to consider all the facts shown to exist in this case, the business in which plaintiff was engaged, the breed of the stock killed, or of any portion of such stock, whether the original stock was imported or domestic, and from all these facts determine the value of such stock."

It is contended by defendant that so much of the instruction as advises the jury that they may, in their effort to ascertain the value of the animals, consider the business in which plaintiff was engaged, is prejudicially erroneous; plaintiff, on the contrary, insists that the portion of the instruction in question is merely to the effect that the jury may, in estimating the value, consider the fact that the cows killed were dairy stock, and that, therefore, the instruction is not obnoxious to the objection.    Upon the question of value, the evidence on the part of plaintiff tended to show that he was engaged in the business of selling milk given by the cows killed, which were good milch cows, and especially valuable as dairy cows, and that they were worth $995.    In defendant's behalf the evidence was to the effect that the value was less than $600. Whatever the rule may be whereby damages are computed or measured by a standard other than that of reasonable market value in cases where the animals killed had a peculiar value to the owner, or where damage exceeding the market value has been sustained by the owner, such rule is inapplicable to this case.    Although the fact that the cows were dairy stock was relevant as to value, the business of plaintiff was not one of the facts proper to be considered in determining their value. No attempt was made to plead or prove that damage to his

business was suffered by reason of the killing; on the contrary, recovery was sought only for the value of the animals, which, under the complaint and evidence, would be the fair or reasonable market value, not their peculiar value to the owner, nor what they were worth to him in his business. Plaintiff was entitled to a verdict for a sum equal to the market value of the cattle, and to no more. The instruction virtually advises the jury to consider the business in which the plaintiff was engaged as an element going to value, and that the worth of the cows was to be determined, not by ascertaining the market value, merely, but by taking into consideration their value to plaintiff in his vocation of dairyman. The market value of the cattle as dairy stock was in no wise affected by the occupation of plaintiff, nor by the fact that plaintiff was engaged in selling milk obtained from them. The instruction was erroneous.

Was it prejudicial? The verdict is for $710,—at least $110 more than the evidence in behalf of defendant tended to show the value to have been. The jury were distinctly instructed that, in reaching a conclusion as to the value, they might consider the business in which the plaintiff was engaged; and from this, it would seem, the jury necessarily understood that they were warranted in allowing, and indeed should allow, a sum larger than would be compensation were plaintiff not a dairyman. Every error is presumptively injurious; that presumption is rebutted only by establishing that it either did not or could not prejudice the party against whom it was committed. We are not satisfied that it did not induce the jury to assess the damages at a sum greater than they otherwise would have done. The jury may have been, and the presumption is that they were, misled by the instruction.

There is no merit in plaintiff's argument that the formal exception taken to the instruction is insufficient in form or substance. It is good, under the authority of *Woods* v. *Berry*, 7 Mont. 195, 14 Pac. 758, even if Sections 1151 and 1152 of the Code of Civil Procedure were not controlling; for Section 1151 provides, among other things, that the instructions and

charge of the court are deemed to have been excepted to, and no bill of exceptions is required, and Section 1152 declares that no particular form of exception is required, but the grounds of the objection shall be particularly stated, except as provided in Section 1151.

The only matter for the jury was, as defendant concedes, the *quantum* of damages. The judgment must be reversed, and a new trial awarded; but it will be unnecessary to retry any question other than the one just mentioned.

Let the judgment and order be reversed, and the cause remanded, with directions to the District Court to try and determine the single issue as to the value of the 11 animals killed by defendant.

*Reversed and remanded.*