LAWRENCE, RESPONDENT, *v.* WESTLAKE ET AL., DEFENDANTS; ANNA M. WESTLAKE, APPELLANT.

(No. 1,631.)

(Submitted July 13. 1903. Decided July 18, 1903.)

*Trial—Instructions — Assuming Disputed Facts—Weight of Evidence—Error—Presumption of Prejudice—Misleading Instructions.*

1   In an action against alleged copartners on an account stated, etc., where the answer of any one of the defendants denied the existence of any partnership, and also denied that plaintiff ever sold any goods to any copartnership of which said defendant was a member, and the evidence was in irreconcilable conflict on both issues, an instruction that in such cases as the one at bar, where an action is brought by a third person against a firm. less strictness of proof is required to show that a certain person was a copartner than is required in an action by one partner against another. was error for assuming the existence both of a partnership and of a partnership liability.

2.  Under Code of Civil Procedure, Section 3390, which requires the judge on all proper occasions to charge the jury "that in civil cases the affirmative of the issue must be proved, and when the evidence is contradictory the decision must be made according to the preponderance of the evidence," it was error to charge that, in actions against a firm by a third person, less strictness of proof was required to show partnership than is required in an action brought by one partner against another, preponderance of the evidence being required in both cases.
3.  Error being apparent, prejudice will be presumed.
4.  An instruction that "a partnership may be shown by the separate admission, acts, declarations. or conduct of the parties, or by the acts of one, the declarations of another, and the acknowledgment or consent of a third," standing alone, is liable to mislead.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

Action by David Lawrence against Edward Westlake, A. W. Gratton, and Anna M. Westlake. Judgment for plaintiff. From an order denying a new trial, defendant Anna M. Westlake appeals. Reversed.

## Statement of the Case.

This action was commenced by the plaintiff, Lawrence, to recover the sum of $397.79 from the defendants, A. W. Gratton, Edward Westlake and Anna M. Westlake, on an account stated for goods, wares and merchandise sold and delivered to, and for money paid for the use and benefit of, such defendants between May, 1895, and January 1, 1896.

It is alleged that the defendants were copartners, constituting a mining partnership. The complaint then alleges: "That thereafter, on or about the first day of January, 1896, at Butte, Montana, an account was stated between the plaintiff and the said defendants, and upon such statement a balance of three hundred and ninety-seven and 79-100 dollars ($397.79) was found due the plaintiff from the said defendants."

The defendants Gratton and Edward Westlake made default. The defendant Anna M. Westlake answered, denying that she was ever associated with the defendants Gratton and Edward Westlake, or with either of them, as a copartner, or in working any mine or procuring any goods, or in transacting any busi-

ness mentioned in the complaint. The answer further denies that the plaintiff ever sold any goods to, or paid any money for, or that any account was ever stated with, or any amount ever found due from, any copartnership of which the answering defendant was a member.

Upon the trial the court gave the following instructions:

"No. 14.    You are instructed that in such cases as the one at bar, where an action is brought by a third person against a copartnership to enforce a copartnership liability, less strictness of proof is required to show that a certain person was a copartner than is required to show partnership in cases brought by one partner against another."

"No. 15.    You are instructed that a partnership may be shown by the separate admissions, acts, declarations, or conduct of the parties, or by the acts of one, the declarations of another, and the acknowledgment or consent of a third."

The jury returned a verdict in favor of the plaintiff for $201.98.    From the order denying a new trial, the answering defendant appeals.

*Messrs. McBride & McBride,* for Appellant.

*Mr. Edwin S. Booth,* and *Mr. Chas. G. Kohl,* for Respondent.

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

Instruction No. 14 above is fatally defective.

1.    The jury is told that this is an action brought by a third person against a copartnership to enforce a copartnership liability.    One of the principal issues raised by the pleadings, and upon which the evidence is in irreconcilable conflict, was whether or not a copartnership of which the answering defendant was a member had any existence in fact, and, if so, whether there was any copartnership liability, and, notwithstanding this issue, both questions are determined by the court in its in-

structions, leaving the jury practically nothing to decide. The court ought not to assume the existence of a disputed state of facts.

In *Territory* v. *Scott,* 7 Mont. 407, 17 Pac. 627, this court said: "Where the evidence is clear and conclusive as to the existence of the particular fact, and there is no evidence to the contrary, or where facts are admitted, an instruction assuming such facts as true will not work a reversal of the judgment; but if there is the least conflict in the evidence, or if the evidence is in any wise of a doubtful character, such ruling will be held erroneous. *Caldwell* v. *Stephens,* 57 Mo. 589-595; *Barr* v. *Armstrong,* 56 Mo. 577-588." The rule is the same in civil as in criminal actions. (*Collier* v. *Fitzpatrick,* 19 Mont. 562, 48 Pac. 1103; *Butte & Boston Mining Co.* v. *Societe Anonyme Des Mines De Lexington,* 23 Mont. 177, 58 Pac. 111, 75 Am. St. Rep. 505.)

2. The Code establishes the law of this state respecting the subjects to which it relates. (Political Code, Sec. 4.) Section 3390, Code of Civil Procedure, among other things, provides: "The jury subject to the control of the court in the cases specified in this Code, are the judges of the effect or value of evidence addressed to them, except when it is declared to be conclusive. They are, however, to be instructed by the court on all proper occasions: * * * (5) That in civil cases the affirmative of the issue must be proved, and when the evidence is contradictory the decision must be made according to the preponderance of the evidence. * * *"

This section, then, is conclusive upon the *quantum* of evidence required in all such cases, whether it be an action by a third party against a copartnership, or by one partner against another, and the court was entirely wrong in saying that a different rule applies in one case from that in the other.

In an action by one partner against another, the utmost that can be required of the plaintiff is that he show by a fair preponderance of the evidence that the defendant is a member of the copartnership, and in an action by a third party against a

copartnership nothing less will suffice. The rule is the same in either instance, and the instruction given could hardly fail to mislead the jury to the prejudice of the answering defendant. In any event, error being apparent, prejudice will be presumed. (*State* v. *Mason,* 24 Mont. 340, 61 Pac. 861; *Parrin* v. *Montana Central Ry. Co.,* 22 Mont. 290, 56 Pac. 315.)

As this cause must be reversed, attention is directed to instruction No. 15, *supra.* While the instruction, if rightfully understood, correctly states a legal principle, yet, standing alone, it is likely to be misunderstood by a jury, and should not be given without explanation or elucidation. Instruction No. 16, given, repeats one of the errors found in instruction No. 14.

We do not consider the question as to whether the complaint states a cause of action, or the question as to whether the evidence is sufficient to show that an account was ever stated. This latter question, though involved in one of the assignments of error, is not presented by appellant in her brief.

The order appealed from is reversed, and the cause remanded with directions to the lower court to grant the answering defendant a new trial.

*Reversed and remanded.*