AQUETTAZ, APPELLANT, v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILWAY CO. ET AL., RESPONDENTS.

(No. 7,621.)

(Submitted February 10, 1937. Decided February 24, 1937.)

[65 Pac. (2d) 1185.]

*Appeal from District Court, Silver Bow County; Frank L. Riley, Judge.*

Mr. H. K. Jones and Mr. M. S. Galasso, for Appellant, submitted a brief; Mr. Galasso argued the cause orally.

Messrs. Murphy & Whitlock and Mr. H. C. Pauly, for Respondents, submitted a brief; Mr. Pauly argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

The complaint in this action alleges that on the morning of December 16, 1934, while plaintiff was driving his automobile across the railway tracks of the defendant corporation at a street intersection in the city of Butte, his car was struck by an engine of the railway company and carried some thirty feet; that the car was damaged and plaintiff suffered personal injuries for which he prays judgment in the amount of $10,100. It is alleged that the accident occurred in the early morning before sunrise, and that it was dark and foggy. Negligence of defendants is predicated upon the alleged facts that the railway company's engine carried no headlights; that the gates at the crossing were up and no attendant of the railway company was present to see that they were operated in the usual manner to stop traffic on the approach of engines or cars on the railway line; that the tracks were not lighted at the point of crossing by street lights or otherwise; and that no warning was given of the approach of the engine or train by those operating the railway engine by either bell or whistle.

Defendants' separate demurrers to the complaint were overruled. The answer specifically denies all the alleged facts of negligence contained in the complaint, and in turn alleges contributory negligence on the part of the plaintiff. The reply is largely a repetition of the matters alleged in the complaint.

The verdict of the jury was in favor of the defendants, and judgment was made and entered accordingly; a motion for a new trial was made and denied. The appeal is from the judgment.

Plaintiff appears to have prepared his bill of exceptions from memory and without any transcript of the proceedings by the court reporter, and had entered on the record a "stipulation" to which no one agreed except counsel for the plaintiff, such stipulation being to the effect that plaintiff's appeal will be based entirely on the instructions given and refused by the court, and plaintiff deems the "evidence of other witnesses than those set forth immaterial." It appears that the bill of exceptions as first proposed by plaintiff contained only a part of the testimony of three witnesses, and no part of the testimony of sixteen other witnesses who testified at the hearing. Defendants on numerous grounds given and supported by affidavit moved to strike the proposed bill of exceptions, which motion was denied. They then proposed some thirty-seven amendments to the proposed bill, all of which the court denied except eight. In that situation the bill came up for final settlement, at which time counsel for the plaintiff announced: "The plaintiff stipulates that the evidence contained in said bill of exceptions may be stricken therefrom and said bill be settled without such evidence." Counsel for the defendants refused to so stipulate, but the court ordered the partial testimony of the three witnesses heretofore mentioned stricken from the bill, and thereupon signed and settled the same. We, therefore, have a transcript containing none of the testimony of the nineteen witnesses who gave evidence at the hearing.

Counsel for the plaintiffs assign only two specifications of error, which are predicated upon the court's instructions to the jury numbered 21 and 22. Such instructions are as follows:

"Instruction No. 21. You are instructed that the railroad crossing was of itself a warning of danger, and that the failure of defendants to give signals of the approach of its train to the crossing, if any such failure is proved, did not relieve the plaintiff from the necessity of making a vigilant use of his senses to determine whether it was safe for him to proceed over the crossing. In such a situation it is not always sufficient if the traveler simply looks and listens for approaching trains. It is his duty to make his looking and listening effective; and

if the circumstances require it, it is his duty to stop in order to do so. Therefore, if you find that by proceeding in this manner the plaintiff could have discovered the approaching train in time to avoid the collision, he was guilty of contributory negligence and cannot recover in this action.''

"Instruction No. 22. You are instructed that it was not alone sufficient care upon the part of the plaintiff to have stopped his automobile before going upon the crossing, if you believe he did so stop. It was his duty to continue to use reasonable care to look and use his senses vigilantly as he proceeded toward and over the crossing and until the danger was past, and therefore if you find that the plaintiff failed to do this and such failure contributed in any way, as a proximate cause, to the damage complained of, your verdict must be for the defendants.''

It is the established rule of this court that a judgment founded on a record barren of evidence will not be reviewed when the only errors assigned are directed to the instructions given by the trial court to the jury. (*Osmundson* v. *Moore Mercantile Co.*, 70 Mont. 458, 226 Pac. 215; *State* v. *Gill*, 21 Mont. 151, 53 Pac. 184; *State* v. *Phillips*, 36 Mont. 112, 92 Pac. 299.) The rule is of general recognition and there are no exceptions unless the instructions assigned as erroneous appear from their face to be inherently so. We think the language in the recent case of *Darst* v. *Swazee,* 135 Kan. 458, 11 Pac. (2d) 977, 978, is particularly applicable, where it was said: "Since the pertinent evidence is not before us, we cannot determine whether an instruction, although abstractly correct, was applicable to the facts or whether the giving of an incorrect one was prejudicial error, as only that which is prejudicial is ground for reversal.''

We find nothing inherently erroneous in the two instructions of the court upon which this appeal is predicated. They impose nothing more on one approaching a railroad crossing with intention to cross than a person of ordinary prudence would voluntarily do under such circumstances.

Plaintiff, however, contends that by the omission of the word "reasonably" before the word "effective" in that phrase in instruction 21, "it is his duty to make his looking and listening effective," the instruction was made absolute. "Instructions must be considered in their entirety" (*McGonigle* v. *Prudential Ins. Co.*, 100 Mont. 203, 46 Pac. (2d) 687), and the instructions, taken as a whole, impose upon the plaintiff here only reasonable care, and are in accord with the rules laid down in *Rau* v. *Northern Pac. Ry. Co.*, 87 Mont. 521, 289 Pac. 580. In instruction 22, next succeeding the instruction complained of on account of the omission mentioned, the court instructed the jury that "it was his duty to continue to use reasonable care," etc., and there is no plausible ground for the assumption that the omission of the word "reasonable" in the preceding instruction misled the jury.

We find no material error in the record, and the judgment is therefore affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART and ANDERSON concur.

MR. JUSTICE ANGSTMAN, Dissenting:

I agree that ordinarily this court will not review the giving of an alleged erroneous instruction in the absence of the evidence in the case. There is, however, an exception to the rule. That exception was pointed out in *State* v. *Mason*, 24 Mont. 340, 61 Pac. 861, where the court said: "The instruction complained of is clearly erroneous, and the presumption is that it was prejudicial to the defendant. It cannot be correct under any supposed state of facts, and so is wrong in the absence of all evidence, as it would be were the evidence before us. * * * For the giving of this instruction complained of by appellant, which does not state the law, and which must be presumed to have been prejudicial to the defendant, the judgment is reversed, and the cause remanded for a new trial." The exception was recognized in *State* v. *Phillips*, 36 Mont. 112, 92 Pac. 299.

Nor will it do to say that this court is unable to say whether the instruction was prejudicial without having the evidence before us, for the court has held that where error appears prejudice will be presumed. Thus in *Parrin* v. *Montana Central R. R. Co.*, 22 Mont. 290, 56 Pac. 315, 316, it was said: "Every error is presumptively injurious. That presumption is rebutted only by establishing that it either did not or could not prejudice the party against whom it was committed. * * * The jury may have been, and the presumption is that they were, misled by the instruction." To the same effect is *Lawrence* v. *Westlake*, 28 Mont. 503, 73 Pac. 119.

Were the instructions complained of erroneous? I think they were. They placed too great a burden upon plaintiff. The obligation resting upon one who is about to cross a railroad track, so far as looking is concerned, is to exercise care to make his looking reasonably effective. (*Sprague* v. *Northern Pac. Ry. Co.*, 40 Mont. 481, 107 Pac. 412; *Rau* v. *Northern Pac. Ry. Co.*, 87 Mont. 521, 289 Pac. 580.)

Instruction No. 21 charged the jury that it was incumbent upon plaintiff to make his looking effective. This court has held that it is error to charge an absolute duty, whereas the law simply requires but reasonable care. (*Markinovich* v. *Northern Pac. Ry. Co.*, 55 Mont. 139, 174 Pac. 183; *Demarais* v. *Johnson*, 90 Mont. 366, 3 Pac. (2d) 283, 79 A. L. R. 553.)

Instruction No. 22 also placed too high a burden upon plaintiff, in that it made the duty to look a continuing one "until the danger" was "past," whereas all that was incumbent upon him was to use reasonable care by looking and listening to make reasonably certain that no train was approaching before attempting to cross the track. Also the instruction, at least by implication, charged that even though the defendants' negligence was the proximate cause of plaintiff's injuries and damage, if plaintiff's failure to look until the danger was past "contributed in any way as a proximate cause," then the verdict must be for the defendants. I think the instruction was incorrect in this respect also.

It is difficult to suppose a state of facts where the jurors, if they followed these instructions, could possibly find for plaintiff in a case based upon injuries sustained at a railroad crossing. I can conceive of no set of circumstances making these instructions correct, and therefore think the court committed reversible error in giving them, and that it is not necessary for us to have the evidence before us to so hold.

I realize that there are cases holding that without the evidence we cannot say that the correct result was not reached. The case of *Morgan* v. *Bankers' Trust Co.*, 63 Wash. 476, 115 Pac. 1047, is typical of such cases. In that case the court reasoned that without the evidence it could not say that the lower court was not correct because the evidence may have been in such a condition that defendant would have been entitled to a judgment as a matter of law, and that even if the verdict had gone for plaintiff, the court would have been warranted in granting judgment for defendant notwithstanding the verdict. To arrive at that conclusion in this case, we would have to presume that the lower court was in error, first, in denying the motion for nonsuit, and, secondly, in denying the motion for directed verdict. I think if there is any presumption in these respects, it is in favor of the trial court's ruling denying the motions and submitting the cause to the jury.

I cannot subscribe to the view that, in the absence of the evidence, we should indulge the presumption that the court may have committed error against the defendants, rendering erroneous instructions harmless.

Rehearing denied March 18, 1937.