## LITTLE *v.* HERNDON.

1. A defendant, claiming under an Illinois tax-deed, who would avail himself of the statute of Illinois, of February 21st, 1861, setting forth what facts may be shown to establish the invalidity of such a deed, and precluding, except upon certain conditions, a question of it for any other cause, must show not only a tax-deed in proper form, but show also a judgment under which the tax sale was made.

2. On an objection to the admission of a deed because of an alleged erasure and interlineation apparent on its face, the court may properly admit the deed, leaving it to the jury to determine whether there was any alteration.

3. A deed for lands in Illinois, executed in Virginia and acknowledged in

conformity with its laws at the time of execution, may be lawfully re-. corded in Illinois, and read in evidence without further proof of execution.

ERROR to the Circuit Court for the Northern District of Illinois, the case being thus :

. A statute of Illinois, on the subject of sales of land for taxes, passed 21st February, 1861, makes this enactment:

" All deeds hereafter made by the proper officer in pursuance of sales of real estate for the non-payment of taxes shall be held to be null and void, if it be shown that said taxes had been paid before the sale, or that said real estate was not subject to taxation, or that it had been redeemed from said sale, or if notice required by the constitution was not given, or that the description of said land was not sufficiently definite; and the validity. of all such deeds hereafter made by the proper officers, for real estate sold for the non-payment of taxes, shall not be questioned, in any suit or controversy in this State for any other cause, unless the party wishing to contest the same shall tender to the claimant under said tax-deed, or deposit in the court in which such suit is pending, for his use, the amount of the redemption-money now provided for by law, with ten per cent. per annum interest thereon from the date of said deed to the time of said tender or. deposit; and after said tender or deposit is made, the validity of said deed may be questioned in the same manner and to the same extent as now provided by law."

At the time of the passage of this act, by the decisions of the courts of Illinois, full and explicit,* a tax-deed, executed by the proper officer, had no validity unless founded upon a judgment against the parcel of land in default for non-payment of the tax, an order for the sale, and precept thereon, and it was necessary that these preliminary steps should be first shown in order to give any effect to a title under the deed.

In this state of the law, one Herndon brought ejectment against Little, in the court below, to recover possession of

---

* Spelman *v.* Curtenius, 12 Illinois, 409; Marsh *v.* Chestnut, 14 Id. 224; Charles *v.* Waugh, 35 Id. 317.

a lot of land in Illinois, describing it.  He gave in evidence two patents, including the premises, from the government to one Hood, each dated November 1st, 1839; and a deed from Hood to himself, dated February 4th, 1842, and recorded in the recording office where the land was, and rested.

The defendant, in his defence, offered in evidence a deed from the sheriff of the county where the land was, to a certain Peck, including the premises, dated July 1st, 1864, purporting to be a deed given in pursuance of a sale for the non-payment of taxes for the year 1861, but he did not show a judgment under which the tax-deed was made.  He offered, also, a quit-claim deed from Peck and wife to one Bourland, dated July 1st, 1864, and from Bourland and wife to one Underhill, dated April 29th, 1865, and then offered in evidence five tax certificates, for taxes paid on the premises for the several years therein mentioned, stating that the object of offering the same in evidence was to recover the amount of the taxes and costs paid upon the land, in case the deed from the sheriff should be questioned as title by the plaintiff, under the terms of the act of February 21st, 1861, and to defeat his using his patents as a title, if he refused to pay the taxes according to the statute.  But the court was of opinion that the defendant had not brought himself within the statute, for the reason, among others, that he must first show there was a judgment, as the foundation of the tax sale and deed.  And so ruled.  Judgment having been accordingly rendered for the plaintiff, the other side now brought the case here.

The principal question argued here was, whether upon a true construction of the act of February 21st, 1861, the plaintiff was bound to pay the taxes which had been paid by the defendant, and by those under whom he claimed, as a condition of being permitted to attack the deed under the tax sale; the defendant taking the position that upon a true construction of the act, the sheriff's deed of the sale properly executed, with its recitals, was sufficient evidence, in the first instance, to impose this condition upon the plaintiff.

Some minor objections, it should be added, were taken

below by the defendant to the admission of evidence, as, 1st. To the admission of one of the patents; the ground of the objection being an alleged erasure and interlineation, apparent, as he asserted, on the face of the same, by the erasure of the word *six*, and the interlineation of the word *seven* therefor in description of the premises. The court overruled the objection, and left it to the jury to determine whether there was any alteration. 2d. To the admission of the deed from Hood to Herndon. The ground of this objection being the acknowledgment. But the acknowledgment was in conformity with the requirements of the law of Virginia. And by statute of Illinois,* a deed acknowledged in conformity with the laws of the State in which the deed is executed, may be admitted to record in the county where the land is situated; and after being so recorded, may be used in evidence without further proof of the execution thereof. The court below overruled the objection, and allowed the deed to be read.

*Mr. B. C. Clark, for the plaintiff in error.*

*Mr. Conway Robinson, contra.*

Mr. Justice NELSON delivered the opinion of the court.

The principal question is, whether there is anything in the act of February 21st, 1861, indicating an intention, on the part of the legislature, to change the course of decision which the courts of Illinois had made, on the subject of a tax deed, made without evidence of a preceding judgment, and to give validity and effect to the naked deed of the officer?

The argument in favor of the construction of the statute which the plaintiff in error would establish is placed upon the introductory words of the act: "All deeds hereafter made by the proper officer in pursuance of sales of real estate for the non-payment of taxes shall be held," &c. It is contended that the words should be construed as meaning

---

* Session Laws, 1847, p. 47, ¿ 3; Secrist v. Green, 3 Wallace, 750.

simply the deed of the "proper officer," and nothing more, and that they impliedly, at least, exclude the necessity of giving any evidence of the judgment, order of sale, or precept. But we are inclined to think that this idea fails to give full effect to the language used. The deed must not only be made by the proper officer, but must be made "in pursuance of sales of real estate for the non-payment of taxes." How are those sales made according to the law of Illinois? As we have seen, after a judgment rendered by the court against the parcel of land for default in payment of the taxes, on order of sale, and precept to the officer. Unless these steps have first been taken, the sale cannot be said to be in pursuance of sales of real estate for the non-payment of taxes, as provided in the act. It is, perhaps, not inappropriate to look at the consequences that might attend any different interpretation. If the naked deed of the officer is sufficient to impose the condition upon the owner to pay all taxes and costs, and ten per cent. interest, before he can be permitted to attack the deed for any irregularity, except as specified in the act itself, then a deed without a judgment, or order of sale (as these are not within the exception), would be just as available for the purpose as if founded on a judgment and order of sale. It is not necessary to stop to point out the abuses to which such an interpretation would naturally lead.

In the case of *Spelman* v. *Curtenius*,* the court observed " that a regular tax deed, founded upon a valid judgment and precept, is made by the statute *prim&acirc; facie* evidence of every fact necessary to authorize a recovery upon it; but, as it is only *prim&acirc; facie* evidence, it follows that there must be some way of contesting the case made by deed, else it would be conclusive of those facts of which the statute expressly declares it shall be *prim&acirc; facie* evidence merely." The opinion then points out many grounds and objections that would overthrow this *prim&acirc; facie* evidence and defeat the title. And, we think, it is this *prim&acirc; facie* title, thus explained, which is fairly embraced in the introductory language of the act of 1861.

---

* 12 Illinois, 411.

In the ordinary case of a title to land, set up by virtue of a sale under a judgment and execution, the party is bound to give evidence of the judgment and execution to support this title. Without these, the sheriff's or marshal's deed would be a nullity. And it would be singular, in these tax sales, so stringently scrutinized by the courts, and every prerequisite prescribed by the legislature before a sale rigidly enforced, if the act in question was intended to dispense with the necessity of producing the judgment and precept as the foundation of the sale and of the validity of the deed. For these reasons we are inclined to think that the construction of the statute by the court below was right, and should be affirmed.

We regret that this statute has not come under the review of the courts of the State, as we should have been relieved from this examination of it. But, after a diligent search into the reports of their decisions, we have not been able to find any case involving its construction except one, which holds that the act is not retrospective.[*]

A minor objection below was to the admission of one of the patents, on the ground of an erasure. The court left the question to the jury, which was quite as favorable a ruling as the defendant could ask. In the absence of any proof on the subject the presumption is that the correction was made before the execution of the deed. In a recent case in the Queen's Bench, Lord Campbell, Chief Justice, in delivering the opinion of the court, after referring to the note in Hargreve & Butler's Coke Littleton, 225 b, where this rule was asserted, observed: "This doctrine seems to us to rest on principle. A deed cannot be altered after it is executed without a fraud or wrong; and the presumption is against fraud or wrong."[†] The cases are not uniform in this country, but the most stringent leave the question to the jury.[‡]

---

[*] Conway v. Cable, 37 Illinois, 90.

[†] Doe v. Catomore, 16 Adolphus & Ellis, New Series, 745.

[‡] Lewis v. Payn, 8 Cowen, 76; Jackson v. Jacoby, 9 Id. 126; Hatch v. Hatch, 9 Massachusetts, 312.

Another objection was to the admission of the deed in evidence from Hood to Herndon, which was executed and acknowledged in the State of Virginia. But it appears that the acknowledgment was taken in conformity with the laws of Virginia at the time the deed was executed, which, according to the laws of Illinois, was sufficient to admit it to be there recorded, and to be given in evidence.*

JUDGMENT AFFIRMED.

Mr. Justice MILLER, dissenting.

I dissent from the opinion of the court in this case on the construction of the statute of Illinois of February 21, 1861.

That act mentions certain facts which may be shown without any condition precedent in order to establish the invalidity of a tax deed. These are: 1. That the tax had been paid before sale. 2. That the land was not subject to taxation. 3. That it had been redeemed from the tax sale. 4. That the notice required by the constitution had not been given. 5. That the description of the land was not sufficiently definite.

It then provides that a tax deed, made after the passage of that act, shall not be questioned in any suit for any *other cause*, unless the party wishing to contest the same shall tender to the claimant under the tax deed, or deposit in the court in which the suit is pending, for his use, the amount of redemption-money required by law to redeem, and ten per cent. per annum interest.

The defendant in this case offered his tax deed, and required of the court to have the amount which he showed by the deed and tax receipts paid or deposited, before the plaintiff should be permitted to question it. The court refused to receive the tax deed in evidence, and permitted the plaintiff to contest it and exclude it from the jury on the ground that no judgment was produced by defendant under which the tax sale was made. The absence of such a judgment is not one of the grounds mentioned for which a deed may be

---

* Secrist *v.* Green, 3 Wallace, 744; Carpenter *v.* Dexter, 8 Id. 513.

contested without paying the redemption-money as a condition precedent. The decision of the court makes that part of the statute requiring the payment as a condition precedent to contesting the deed a nullity. The policy of the act is clear, and it is wise. It has been a *desideratum* for years to provide a law which would secure payment of taxes on real estate, and at the same time give the owner of the property, who may not have been prompt, some reasonable opportunity to save it. This law is happily conceived. It says in effect if no valid tax was levied, or if it has been paid, or no notice was given of proceedings for sale, the deed is void, and this may be shown at any time without condition. But if there has been a valid levy of a tax and a sale, and the tax has never been paid, either before or after sale, the party who should have paid this tax and has neglected to do so must pay it now before he can contest the deed made by the proper officer on such sale. This is fair, it is just, and would tend to procure bidders at tax sales, and to admit of redemption on just terms. As there is no decision of the State court of Illinois directly on this point, under this statute, I regret the construction that this court has placed upon it.