McGinley vs. Laycock.

McGinley, Respondent, vs. Laycock, imp., Appellant.

*September 26 — October 13, 1896.*

*Logs and lumber: Mechanics' liens: Time of filing claim: Setting aside verdict: Abuse of discretion: Evidence.*

1. In order that a lien for labor or services on logs and timber may be filed under the provision of sec. 3331, R. S., that if such labor or services "shall be continuous from the first day of November or a day prior thereto, and to a date beyond the first day of May following, the claim for lien shall be filed within thirty days after the last day of doing or performing such labor or services," the work must have been commenced on or before November 1 and continued after May 1, or the lien must be filed as otherwise provided in that section.

2. In an action to enforce a mechanic's lien against lumber, filed
   August 24, it was essential for the plaintiff to establish that the
   last day's work was performed within thirty days prior thereto.
   The plaintiff testified that his work on the lumber was continu-
   ous up to July 31, and that the last work he did was to sort and
   pile it, but it was established by his own testimony, corroborated
   by other evidence, that such work was performed about the time
   the owner finished hauling the lumber. The jury found that the
   last load was hauled July 6; that the work of sorting and piling
   was finished July 8; that plaintiff worked continuously upon the
   lumber up to July 25; and that the last day's work he performed
   was July 27. *Held*, that a refusal to set aside the verdict as against
   the weight of the evidence was an abuse of discretion.

APPEAL from a judgment of the circuit court for Pepin
county: E. B. BUNDY, Circuit Judge. *Reversed.*

Action to enforce a lien on lumber, under the laws of this
state, for labor alleged to have been performed continuously
from the 1st day of November, 1893, to the 31st day of
July, 1894. The lien petition was filed on the 24th day of
August, 1894. The action was commenced against Mike
Drier, the employer. Thereafter the defendant *Henry
Laycock* was, on application, made a defendant under sec.
3340*a*, S. & B. Ann. Stats. There was evidence tending to
show that for more than thirty days prior to the 27th day
of July, 1894, the lumber was in possession of the sheriff
under an attachment, but the owner, Drier, was permitted,
during such period, to do work upon the lumber, in which
plaintiff was engaged. The attachment claim for which the
sheriff held the lumber was paid off on the 27th day of July,
1894. Defendant *Laycock* then purchased the lumber from
Drier, and it was by reason of such purchase that he came
into this case as a defendant. The evidence was conclusive
that the first day's work done by the plaintiff on the lumber
was on the 2d day of November, 1893.

The jury found specially, in answer to the first question,
that the plaintiff's work was done between the 1st day of
November, 1893, or a day prior thereto, and continuously

thereafter to July 25, 1894; in answer to the fourth, that the sorting and piling of the lumber was concluded by July 8, 1894; in answer to the fifth, that the date of the first day's labor was November 2, 1893; in answer to the sixth, that the date of the last day's work was July 27, 1894; in answer to the sixteenth, that the hauling of lumber was concluded July 6, 1894. The jury further found that the amount due was $345.26, that the lien petition was filed August 24, 1894, and that the lumber was in the custody of the sheriff from about July 7 or 20 to July 27, 1894.

Defendant moved the court to set aside the verdict, and for a new trial, which was denied. Judgment was then entered in favor of the plaintiff for the full sum found by the jury, with costs, and adjudging the same, in due form of law, to be a lien upon the lumber. Defendant *Laycock* appealed from the judgment.

*C. T. Bundy*, for the appellant.

For the respondent the cause was submitted on the brief of *W. E. Plummer*.

MARSHALL, J. In one view of this case it turns on the construction of sec. 3331, R. S., which provides as follows: "If the labor or services were done or performed between the first day of November and the first day of May, following, the claim for such lien shall be filed on or before the first day of June next thereafter; and if such labor or services shall have been done or performed after the first day of May and before the first day of November, or if the doing or performing of such labor or services shall be continuous from the first day of November or a day prior thereto, and to a date beyond the first day of May following, the claim for lien shall be filed within thirty days after the last day of doing or performing such labor or services."

In what sense is the word "from" used after the word

McGinley vs. Laycock.

"continuous" in this statute? If it is used inclusively, then the right of lien for all labor performed between the 1st day of November, 1893, and the 1st day of May, 1894, was lost from failure to file the petition on or before the 1st day of June next thereafter. "From" has often been construed inclusively, as in *Arnold v. U. S.* 9 Cranch, 104; *Mallory & Co. v. Hiles*, 4 Met. (Ky.), 53; *People ex rel. Campbell v. Clark*, 1 Cal. 406, under the general rule, as said by Mr. Justice STORY in *Arnold v. U. S., supra*, that, "where the computation is to be made from an act done, the day on which the act is done is to be included." But it is said that the prevailing rule now is that, where computation of time is to be made from an act done, the day on which the act is done is excluded. Sedgwick, Construction of Stat. & Const. Law, 356; Smith, Stat. & Const. Law, § 616. It has also been held that where the word "after" is used following the word "from," — as "from and after," — "from" is used exclusively (*State ex rel. Att'y Gen. v. Messmcre*, 14 Wis. 163; *Parkinson v. Brandenburg*, 35 Minn. 294; *Duncan v. Cobb*, 32 Minn. 460); but there is really no fixed rule regarding the subject. Where the word is used as in the statute under consideration, it may be considered either inclusively or exclusively, according to the legislative intent to be gathered from so much of the act in which it is used as will throw any light on the subject, applying the rules for statutory construction. *Stewart v. McSweeney*, 14 Wis. 468.

The section under consideration provides that, for all labor and services done or performed between the 1st day of November and the 1st day of May following, the claim for lien must be filed on or before the 1st day of June next thereafter, and for all labor or services done or performed after the 1st day of May and before the 1st day of November the claim for lien must be filed within thirty days after the last day of doing or performing such labor or

McGinley vs. Laycock.

services. Here the word "between" is evidently used inclusively, else the 1st day of November and the 1st day of May are not included in either of the periods. The words "after the 1st day of May and before the 1st day of November" clearly exclude the days mentioned; therefore they must be included in the period described as between the 1st day of November and the 1st day of May following. The rule is that we must "look to the whole and every part of the statute, its apparent intent, its effect and consequences, its reason and spirit, and so construe it as to give a sensible effect to every portion of it." *Harrington v. Smith*, 28 Wis. 43. Clearly, the purpose of this statute was to cover the entire year. To construe the word "between" in any other way than so as to include the 1st day of November and the 1st day of May would result in there being no provision for a lien for labor done on those days, and thereby violate a plain legislative intent. In the further provision that for labor or services continuous from the 1st day of November or a day prior thereto, to a date after the 1st day of May following, the lien shall be filed within thirty days after the last day of doing or performing such labor, the words "from the 1st day of November or a day prior thereto" obviously are used with reference to the commencement of the period first mentioned, and the words "or a day prior thereto" to render plain that the word "from" is used inclusively.

The effect of the foregoing construction of the statute is that the filing of plaintiff's petition for a lien for all work done between the 1st day of November, 1893, and the 1st day of May, 1894, was far too late; that, if he is entitled to a lien on the lumber at all, it is for the wages due him for work done after the 1st day of May, 1894, up to and inclusive of the 27th day of July, 1894; therefore the court erred in granting plaintiff's motion for judgment for the full sum found by the jury.

Another question requiring consideration is, Did the trial court err in denying appellant's motion to set aside the verdict as against evidence, and grant a new trial?

It was vital to respondent's right to recover for him to establish that the last day's work done was performed within thirty days prior to the date of filing the lien petition, or not earlier than July 25, 1894. After the evidence was closed on the part of the appellant, respondent took the stand, and testified, under objection, that he did some work scaling logs in July, twenty-three days in all, but no connection was shown between that work and the labor on the lumber for which the lien was claimed. He testified, in the first place, that his work on the lumber was continuous up to July 31, 1894, but testified, positively and repeatedly, that the last work he did was done about the time Drier finished hauling lumber to Durand; and in this he was corroborated by witness Bomasl, and other evidence and circumstances in the case. The fact in that regard seems to have been established beyond all reasonable controversy. The jury found, by their answer to the sixteenth question, that the last load of lumber was hauled July 6, 1894, which fact was conclusively established by the evidence of the sheriff, who had the lumber in his custody, and kept an accurate account in writing of the hauling, which he produced on the trial. Notwithstanding this, and the finding of the jury in answer to the fourth question that the work of sorting and piling the lumber, which plaintiff testified was the last work he did on it, was performed on the 8th day of July, 1894, they found that he worked continuously on the lumber to July 25, 1894, in answer to the first question, and that the last day's work he performed on the lumber was July 27, in answer to the third question. Thus, without any evidence, except plaintiff's, that the last work he did was while the hauling of lumber was in progress and a day or two thereafter, and that the hauling of lumber continued up to

July 31, which evidence was proven to be false by all the other evidence in the case, and which the jury found to be false by their answer to the sixteenth question that the last load of lumber was hauled July 6, 1894, they found that he worked continuously on the lumber up to July 25, with the evident purpose, as it appears, of securing to him the benefit of a lien, regardless of the evidence in the case.

While a motion to set aside a verdict as against the weight of evidence, and for a new trial, is addressed to the sound discretion of the trial court, and its decision will not be interfered with by this court, except in cases showing a clear abuse of such discretion (*Zweig v. Horicon I. & Mfg. Co.* 14 Wis. 356; *Lewellen v. Williams*, 14 Wis. 687), this case comes clearly within the rule.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.