### ANDERSON v. EISCHEN.

(Circuit Court of Appeals, Ninth Circuit. November 29, 1926.)

No. 4884.

**I. Time &#9750;15—Fire permit, "valid 'between' " two specified days, does not exclude them as matter of law.**

The phrase in fire permit, "valid 'between' " two specified days, is not to be construed, as matter of law, as excluding those days, but at most to be ambiguous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Between.]

**2. Evidence &#9750;455—All circumstances attending issuance of fire permit, valid "between" specified days, held admissible on its construction.**

On construction of phrase in fire permit, "valid between" two specified days, all circumstances attending its issuance, including what parties said, are admissible.

**3. Trial &#9750;136(3)—Construction of fire permit, "valid between" specified days, is to be submitted to jury on evidence of all circumstances attending its issuance.**

On evidence of all circumstances attending issuance of fire permit, including what the parties said, meaning of phrase therein, "valid between" two specified days, is to be submitted to jury.

**4. Evidence &#9750;175—Original of permit to burn over lands, notwithstanding filed copy, held admissible, on offer of permittee, in action against him for fire spreading to another's land (Laws Or. 1925, p. 518, § 9).**

Original of permit to defendant, under Laws Or. 1925, p. 518, § 9, to burn over his lands, is admissible, on his offer, in action against him for fire spreading to plaintiff's lands, it being the instrument by which defendant's rights are to be measured, notwithstanding filing in state office, not required by law, but under administrative practice, of carbon copy, the last day allowed by which for fire was August 30, while that in the original was August 31, this going only to the weight of evidence as to alteration of original before delivery.

**5. Alteration of instruments &#9750;30—On evidence to overcome presumption, time of alteration of instrument is question for jury.**

Question of when alteration of instrument was made is for jury, where there is evidence tending to overcome whatever presumption is indulged.

**6. Evidence &#9750;414—Testimony going to show that alteration of date in original fire permit was before delivered is not to vary terms of writing.**

Though carbon copy of fire permit filed in state office had date August 30, while date in original was August 31, evidence to show alteration in original was before delivery is not to vary terms of a writing.

**7. Statutes &#9750;176—Construction of doubtful state statute will not be indulged by federal courts, where unnecessary for case.**

Federal courts will not construe a doubtful state statute, unless such construction is necessary to proper disposition of case.

**8. Trial &#9750;260(3)—Refusal to give instruction as to defendant's burden of showing care to prevent spread of fire held harmless, in view of instructions given.**

Any error in refusing instruction that burden was on defendant to show that he was reasonably vigilant and careful to keep fire, set on his premises under permit, from spreading to plaintiff's premises, *held* not prejudicial, in view of clear and full instructions as to defendant's duty in the matter, and his liability if he failed to use reasonable care as defined.

In Error to the District Court of the United States for the District of Oregon; R. S. Bean, Judge.

Action by Cooper Anderson against Alexander C. Eischen. Judgment on verdict for defendant, and plaintiff brings error. Affirmed.

Albert H. Tanner and John Van Zante, both of Portland, Or., for plaintiff in error.

Martin L. Pipes and John M. Pipes, both of Portland, Or., and William B. Hare, of Hillsboro, Or., for defendant in error.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

DIETRICH, District Judge. Plaintiff and defendant are severally the owners of adjoining farms in Washington county, Or. On the afternoon of August 31, 1925, the latter set fire for the purpose of burning about 20 acres of slashings, lying north of and adjacent to plaintiff's premises. The fire was guarded during that day and into the night. Again the next morning defendant returned to the scene of the burning, and remained there until a few minutes after 12 o'clock. He testified that at the time he left he observed no blaze, and there was but little fire, and none near the lane running between the two farms. The wind was blowing from the north, and the grass and slashings on defendant's premises were very dry. About 1 o'clock some of plaintiff's buildings close to the lane were observed to be on fire, and a very considerable loss ensued. This action was brought to recover for such loss. Verdict and judgment in the lower court were for the defendant, and plaintiff brings error.

The Oregon Session Laws for 1925 (at page 518) provide as follows:

"Sec. 9. During the period between May 15 to October 1, which is hereby designated the closed season, it shall be unlawful for any one to set on fire, or cause to be set on fire, any forest land, grass, grain or stubble, either his own or the property of another, without first securing a written or printed permit from the forester or a warden and complying with the terms thereof, and the forester or any warden may prescribe the conditions upon which the permit is issued and which are necessary to be observed in setting such fire and preventing it from spreading so that life or property may be endangered thereby: Provided, however, that nothing herein contained shall require a permit for the burning of logs, stumps, grass, grain, stubble and [other] débris in small quantities and under adequate protection outside of and not adjacent to any forest land as in this act defined. But if any such burning shall result in the escape of fire and injury to the property of another, this shall be held prima facie evidence that such burning was not safe and was in violation of this act. Violations of these provisions shall be punished by a fine of not less than twenty-five dollars ($25) nor more than two hundred and fifty dollars ($250) or by imprisonment in the county jail for not less than ten (10) days nor more than sixty (60) days."

On August 22, 1925, defendant applied to one Mendanhall, fire warden for the district embracing Washington county, for a permit to burn the area in question, and after some discussion the warden signed and delivered to defendant a permit, which, with a possible exception to be explained, was as follows:

"State Board of Forestry.

"Permit to Burn, No. 11555.

"Under the provisions of chapter 281, Laws of Oregon for 1925, permission is hereby granted to Alex Eischen, Cornelius, Or., R. 2, to burn 20 acres slashing upon the following described property, to wit: S. 29, T. 1, R. 3, W: Provided, six men are present to prevent fire from spreading to other property; and provided, further, that fire shall be set at ——— o'clock ——— m.

"Valid between August 22, 1925, and August 31, 1925.

"Issued Aug. 22, 1925, by

"[Signed] W. E. Mendanhall, Fire Warden.

"Void if issued for more than ten days."

The possible exception relates to the termination date of the permit period. The warden sent to his chief, for filing in the state office, what purported to be a carbon copy, the termination date in which is August 30. The original, delivered to defendant at the time it was signed, shows that in the first place it bore that date, but when produced in court by the defendant the "0" had been partially erased and "1" had been substituted, so that the date was August 31, instead of August 30. The court admitted testimony in respect to such alteration, and also as to what was said by the parties at the time the permit was signed, for the purpose of throwing light upon the question whether the terminal days, August 22 and August 31 (or 30), were to be deemed within the permit period, or to be excluded therefrom. [1-3] It is first urged by plaintiff that, even

if it be assumed that the permit was altered before delivery, the court erred in receiving it, for the reason that as a matter of law the phrase, "Valid between August 22, 1925, and August 31, 1925," should be construed as excluding from the permit period those two days. In this view we cannot concur. True, if we were to have respect only for the original or root meaning of the word "between," in an abstract sense, the contention should be sustained; numerous cases may be cited where this consideration seems to have been controlling. But, if our concern is to discover and give effect to the real intent and understanding the word was employed to express, we must have regard for current meanings, established by common usage. Had the language been, "Valid from August 22 to August 31," instead of "between" those dates, we would have had substantially the same question. The two phrases are identical in meaning; the former being of more frequent use in contracts and other legal documents. So we would have the same question, if the language were "Valid until August 31." But we would be denying the facts of our own experience and observation if we were to hold that commonly, where such phrases are used, the understanding conveyed is that the days so designated are excluded. A lease from October 1 to October 31 would ordinarily be understood to cover the whole month of October.

True, the proverbial caution of an experienced lawyer would probably add the words "both inclusive"; but the necessity of so doing would not occur to a layman, and we are here considering an instrument given by one layman to another. Literally read, the expression from day to day would signify no time at all, or at most only nighttime. In the most favorable view to the plaintiff, the language of the permit is thought to be ambiguous. Kendall v. Kingsley, 120 Mass. 94; McGinley v. Laycock, 94 Wis. 205, 68 N. W. 871; Morris & E. R. Co. v. Central R. Co., 31 N. J. Law, 205; Webster v. French, 12 Ill. 302; Sands v. Lyon, 18 Conn. 18; Jeremy Fuel Co. v. Denver R. Co., 59 Utah, 266, 203 P. 863; Clarke v. Mayor, 111 N. Y. 621, 19 N. E. 436; Taylor v. Brown, 147 U. S. 640, 13 S. Ct. 549, 37 L. Ed. 313; State v. Elson, 77 Ohio St. 489, 83 N. E. 904, 15 L. R. A. (N. S.) 686. And under well-settled principles it was proper for the court to receive testimony in respect to all circumstances attending the issuance of the permit, including what was said by the parties, and upon such testimony to submit the question to the jury.

[4] Neither did the court err in receiving in evidence a duplicate of the permit held by the defendant, the one in which the alteration had been made. It is undoubtedly the instrument by which the defendant's rights are to be measured. The law does not require the filing of a duplicate, and if, pursuant to some administrative practice, such filing was made, the permittee's rights are not thereby altered or otherwise affected. The filed copy may have constituted prima facie proof of the original; but it was not conclusive. The defendant offered the original, and testified concerning the circumstances under which it was delivered to him, and what was said and done, and further that it had not been altered by him, and that it had not been out of his possession—all having a tendency to prove that the "0" had been erased and the "1" written in before it was delivered. It may be conceded that the filed carbon copy raises a strong presumption of fact that the original was of like tenor; but that consideration goes to the weight of the testimony, and not its competency. It is a matter of not uncommon experience that changes are made in an original letter, or the original of some other instrument, after it is separated from the carbon, and there may be inadvertent neglect to make corresponding changes in the carbon copy.

[5] There is great conflict in the decided cases, whether, when an alteration appears, the presumption is that it was made before or after delivery of the instrument. Many of these cases are collated in the note to Tharp v. Jamison, 154 Iowa, 77, 134 N. W. 583, in 39 L. R. A. (N. S.) 100. In Little v. Herndon, 10 Wall. 26, 19 L. Ed. 878, the court said:

"In the absence of any proof on the subject, the presumption is that the correction was made before the execution of the deed. In a recent case in the Queen's Bench, Lord Campbell, Chief Justice, in delivering the opinion of the court, after referring to the note in Hargreve & Butler's Coke, Littleton, 225, b, where this rule was asserted, observed: 'This doctrine seems to us to rest on principle. A deed cannot be altered after it is executed without a fraud or wrong; and the presumption is against fraud or wrong.' The cases are not uniform in this country, but the most stringent leave the question to the jury."

Perhaps in a measure influenced by a state statutory provision, the Supreme Court of Oregon has in some decisions apparently given approval to a contrary view. Plaintiff in error cites Simpkins v. Windsor, 21 Or.

382, 28 P. 782; First National Bank v. Mack, 35 Or. 122, 57 P. 326; Zobrist v. Estes, 65 Or. 573, 133 P. 644; Shucking v. Young, 78 Or. 483, 153 P. 803; Palomaki v. Laurell, 86 Or. 491, 168 P. 935. But see Nickum v. Gaston, 28 Or. 322, 328, 329, 42 P. 130. Clearly under this last case, and indeed under substantially all the decisions, the question of when an alteration was made is for the jury under appropriate instructions: Provided, of course, there is evidence tending to overcome whatever presumption is indulged. That there is here such evidence is not open to doubt.

[6] From the discussion of this and the preceding point, it is apparent that plaintiff's contention that the evidence was admitted to vary the terms of a writing is groundless.

[7, 8] Finally, it is said the court erred in declining to instruct the jury that, even should they find defendant set fire within the permit period, the burden was upon him to show that he was reasonably vigilant and careful to keep it from spreading to plaintiff's premises. Having in mind the well-established rule that federal courts will not construe a doubtful state statute, unless such construction is necessary to a proper disposition of the case, we have not fully considered the Oregon statute upon which plaintiff relies, for the reason that, if the refusal of the court below to give the requested instruction was error, we are convinced it was not prejudicial. The jury was clearly and fully instructed that, notwithstanding the permit, it was the duty of defendant "to exercise reasonable care to guard and protect the fire, and to prevent it from spreading to and injuring his neighbor; and if he failed and neglected to do so * * * he would be liable. * * * So that the holder of a permit to set out a fire on his premises is nevertheless, under the law, required to exercise care and diligence to guard the fire to protect his neighbor's property, * * * and if he neglects to do so he is liable in damages. * * *"

The court then carefully defined what was meant by reasonable care; the standard being that of ordinarily careful and prudent men, the care they would exercise under all the circumstances, having regard for the probability of danger—not the highest degree of care, the court said, and yet the requirement would not be satisfied by a low degree. The somewhat elaborate instruction upon the point closes with these words:

"Applying this definition of negligence to the case in hand, I instruct you that, even if the defendant had a permit, and he failed or neglected to do what a person of ordinary care and prudence would have done under the circumstances to prevent the fire, when started, from spreading or being carried onto the plaintiff's property, if it did so, and destroying the same, then he would be guilty of negligence in that respect."

Apparently all the known circumstances were put in evidence by one party or the other, and we think that a mere technical statement that the spread of the fire to plaintiff's premises would make a prima facie case of negligence would not have affected either the jury's consideration of the evidence or the conclusion reached.

No prejudicial error appearing, the judgment is affirmed.