COUNCIL BLUFFS SAVINGS BANK, Trustee, Appellee, v. HENRY
WENDT et al., Appellants.

**ALTERATION OF INSTRUMENTS:** Burden of Proof. He who al-
leges a material alteration of an instrument has the burden to prove
his allegation. No presumption exists that the alteration was made
after the execution of the instrument.

Headnote 1:   2 C. J. p. 1275.

Headnote 1:   39 L. R. A. (N. S.) 100; 31 A. L. R. 1455; 1 R. C. L. 1041.

*Appeal from Pottawattamie District Court.*—EARL PETERS,
Judge.

MAY 3, 1927.

Action in equity, to recover judgment upon three promis-
sory notes, and for foreclosure of a real estate mortgage secur-
ing the same. The defense is that there was a material alter-
ation of the notes and the mortgage. Judgment was entered
for the plaintiff for the amount due on said notes, and the de-
fendants appeal.—*Affirmed.*

*Turner & Turner,* for appellants.

*George S. Wright* and *Addison G. Kistle,* for appellee.

*Preston & Dillinger,* for defendant H. Seiffert Lumber Com-
pany.

FAVILLE, J.—Henry Wendt and Ida Wendt are husband
and wife. The American State Bank of Walnut was closed on
May 23, 1923. At that time, the indebtedness of Henry Wendt
to the said bank was approximately $12,000, represented by
three notes. The said notes had been deposited by the
American State Bank as collateral security, with the appellee
as trustee. On the 27th day of July, 1923, the said notes were
renewed by the execution of the notes in question, which were
signed by both of the defendants, and at said time, the mortgage
in question was given, to secure said notes, upon certain lands

belonging to the said Henry. The notes were executed at the office of the American State Bank, which was then in the hands of a bank examiner, and the notes and mortgage were drawn up by said examiner. The notes were afterward delivered to the appellee, and the original notes were turned over to the appellants. It is the contention of the appellants that there was a material alteration made in the notes after they were signed. The notes are three in number, and for various amounts, the aggregate being more than $12,000. Each of said notes bears date July 27, 1923, and each on its face purports to be due on or before July 27, 1925. The notes bear 7 per cent interest, and said interest is, by the terms of the notes, payable semiannually. It is the contention of the appellants that the said notes, as originally executed, were not made payable ''on or before,'' and that the interest was payable annually, instead of semiannually, and that there has been a material alteration in said notes, by the insertion of the words ''on or before,'' and of the prefix ''semi'' before the word ''annually.'' The original notes have been certified to this court for examination. They are on a printed form. The words ''on or before July 27, 1925,'' are written in said notes with a pen. Also, preceding the printed word ''annually'' in the notes appears the prefix ''semi,'' written with a pen. The mortgage, which was executed contemporaneously with the notes, was also on a printed form, the blanks were filled in with a typewriter, and the prefix ''semi,'' in typewriting, precedes the printed word ''annually'' in said mortgage.

It is now the established rule in this state that, even though an alteration is apparent upon the face of a written instrument, it does not raise a presumption that such alteration was made after delivery, but the burden is upon the party alleging the material alteration in such written instrument to show that it was made after delivery of the instrument. In the recent case of *Monona County v. Gray*, 200 Iowa 1133, we said:

''It is the settled rule in this state that an alteration apparent on the face of an instrument raises no presumption that it was made after delivery, and that the burden is upon the party alleging a material alteration to establish that it was made after delivery of the instrument. *Hagen v. Merchants & Bankers' Ins. Co.*, 81 Iowa 321; *Shroeder v. Webster*, 88 Iowa 627; *McGee v. Allison*, 94 Iowa 527; *University of Illinois v. Hayes*, 114 Iowa

690; *Tharp v. Jamison,* 154 Iowa 77; *Hessig-Ellis Drug Co. v. Todd-Baker Drug Co.,* 161 Iowa 535; *First Nat. Bank v. Patterson,* 188 Iowa 1237. Where the instrument itself reveals the fact of an erasure, the burden is upon the one relying on such alteration to show that it is material. *University of Illinois v. Hayes,* supra. Mere proof that an alteration was in fact made, is not sufficient to cast upon the party relying on the instrument the burden to show that it was made before delivery; but it must be made to appear that the alleged alteration was made after delivery, before any presumption of fraud arises therefrom. *Tharp v. Jamison,* supra."

In the *Monona County* case, we expressly overruled the case of *Kauffman v. Logan,* 187 Iowa 670 (relied upon by appellants), on this point. It is unnecessary that we again review the authorities. We reaffirmed the rule in the recent case of *In re Estate of Thorne,* 202 Iowa 681. A careful examination fails to disclose any apparent alteration appearing on the face of the instruments. We are satisfied from an examination of the record that the appellants have failed to carry the burden of proof on the question of the alleged alteration of the notes and mortgage, as contended for by them.

The conclusion of the trial court upon the fact question meets with our approval, and we concur therein. We find that the appellants have failed in their defense of a material alteration, and the judgment in favor of the appellee must be, and it is,—*Affirmed.*

EVANS, C. J., and STEVENS, VERMILION, and KINDIG, JJ., concur.